Board, on the authority of *Matter of Breital* v. *Hinderstein* (*ante*, p. 203), decided herewith. All concur, except Hill, J., who dissents on the grounds stated by him in *Matter of Breital* v. *Hinderstein* (*ante*, p. 205) decided herewith. McNamee, J., not voting.

In the Matter of the Claim of MARY POWERS, Respondent, against ANNA E. PERSICO and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Award reversed and claim dismissed, with costs against the State Industrial Board, on the ground that there is no evidence that Joseph Powers, at the time he sustained the accidental injuries which occasioned his death, was an employee of Anna E. Persico, the owner of the premises. (See *Ferro* v. *Sinsheimer Estate, Inc.*, 256 N. Y. 398.) All concur. McNamee, J., not voting.

In the Matter of the Claim of ALMON D. EGLESTON, Respondent, against HALL-HARTWELL Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board, on the authority of *Matter of Connelly* v. *Samaritan Hospital* (259 N. Y. 137). McNamee, J., not voting.

SAM FINKELSTEIN, Appellant, v. CELIA FREEMAN and Others, Respondents.*— Orders affirmed, with separate costs of ten dollars and disbursements to the respondent Freeman and the respondents Shabus. All concur, except Hill, J., who dissents and votes to reverse the orders and to grant the motion for judgment on the pleadings. McNamee, J., not voting.

ELLA KEENEY, as Administratrix, etc., of CHARLES E. KEENEY, Deceased, Respondent, v. JESSE GEORGE NEWTON, Appellant.— Judgment and order affirmed, with costs. All concur, except Hinman, J., who dissents and votes for reversal and for a new trial on the ground of prejudicial errors in the charge, in which the jury were told several times that the plaintiff's intestate was entitled to the right of way instead of leaving that question to the jury to determine in accordance with a proper statement of the law. McNamee, J., not voting.

In the Matter of the Application of INTERNATIONAL RAILWAY COMPANY for a Certiorari Order Directed to the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK in the Matter of the Application of ROCHESTER, NIAGARA FALLS & BUFFALO COACH LINES, INC., for a Certificate of Convenience and Necessity for the Operation of a Motor Bus Line between the City of Rochester and the City of Buffalo, via Brockport, Holley, Albion, Medina, Middleport and Lockport, and for the Operation of a Motor Bus Line between the City of Rochester and the City of Niagara Falls.— Determination unanimously confirmed, with fifty dollars costs and disbursements. McNamee, J., not voting.

ROLAND HUBBS, an Infant, by ROBERT K. HUBBS, His Guardian ad Litem, Respondent, v. BOSTON AND MAINE RAILROAD, Appellant. ROBERT K. HUBBS, Respondent, v. BOSTON AND MAINE RAILROAD, Appellant.†— Judgments and orders reversed on the law, with costs, and complaints dismissed, with costs in one action, on the ground that there is no proof of negligence on the part of the defendant which contributed in any way to the accident; and that on the evidence the plaintiff Roland Hubbs was guilty of contributory negligence in failing to have his car under the control which the conditions at the time required. All concur.

ROBERT QUELCH, an Infant under the Age of Fourteen years, by VERONICA QUELCH, His Guardian ad Litem, Respondent, v. MABEL MILLER, Appellant, and

* Appeal dismissed, 260 N. Y. 565.　　　† Revd., 260 N. Y. 223.