■ In the Matter of the Claim of YETTA SILVERMAN, Respondent, against ISAC ROTH et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by an employer and his insurance carrier from a decision and award of the Workmen's Compensation Board. The board found that in falling from a ladder, in the course of his employment as a carpenter, decedent sustained "accidental injuries in the nature of laceration of the lip and aggravation of a pre-existing cardiac condition, causing his immediate death due to coronary sclerosis and fibrosis of the myocardium." Appellants dispute the findings of accident and causal relation. The occurrence of the unwitnessed fall was clearly established and substantial evidence attributed causation to it. Claimant's cardiologist testified that decedent's heart condition was so "aggravated by the shock of an accidental fall from the ladder" as to cause his death and that "ordinary effort * * * probably would not do this". Asked if his opinion as to causation would be the same if "a spasm started the fall", he said that "the fall itself would aggravate the spasm and sort of snowball the effect. So whatever way you look at it the fall is an aggravating cause of what happened." Upon this evidence the award was justified. (See *Matter of Concilla* v. *Scrufari Constr. Co.*, 275 App. Div. 884, affd. 300 N. Y. 519; *Matter of Connelly* v. *Samaritan Hosp.*, 259 N. Y. 137, 140; *Matter of Young* v. *Waterbury*, 286 App. Div. 900.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of CAROLINE M. WHEATON, Respondent, against CHEVROLET-BUFFALO DIVISION OF GENERAL MOTORS CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant's regular work was as a "shaper" in an automobile plant. He prepared dies while sitting at a machine; and in lifting operations involved in this regular work he had mechanical assistance. On December 12, 1956 he was directed to assist in the "heat treating" department. This involved the carrying of 12 dies, each weighing a maximum of 17 pounds, through an aisle approximately 30 to 35 feet long. The dies had been heated to a temperature of 1,800 degrees. They had to be handled with tongs and so carried as to be kept a safe distance away from the body. Although decedent had done this work on one day a month before and had previously done it occasionally, it was unusual work for him; and the medical proof is that it subjected him to strain which precipitated a myocardial infarction from which he died. A physician expressed unequivocally the opinion that this effort was "a precipitating factor in the development of the myocardial infarction". The record sustains the decision. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.