In the Matter of the Claim of CATHERINE CONNELLY against SAMARITAN HOSPITAL et al., Respondents. THE STATE INDUSTRIAL BOARD, Appellant.

(Argued March 14, 1932; decided April 26, 1932.)

*John J. Bennett, Jr., Attorney-General (Joseph A. McLaughlin* of counsel), for appellant. The injuries for which the award was made arose out of and in the course of claimant's employment. (*Matter of Mausert* v. *Albany Builders Supply Co.,* 250 N. Y. 21; *Matter of Barath* v. *Arnold Paint Co.,* 238 N. Y. 625; *Matter of Hansen* v. *Turner Const. Co.,* 224 N. Y. 331; *Matter of Kehrmann* v. *Lowe Corp.,* 228 App. Div. 741; *Matter of Velthaus* v. *Loewer's Gambrinus Brewery Co.,* 215 App. Div. 856; *Matter of Seubert* v. *Sidenberg Estate,* 216 App. Div. 776; *Matter of Santacroce* v. *Sag Harbor Brick Works,* 182 App. Div. 442.)

*H. F. Dimond* and *Sydney Weitzer* for respondents. The injuries for which the award was made did not arise out of and in the course of claimant's employment. (*Matter of Daly* v. *Bates & Roberts,* 224 N. Y. 126; *Matter of Heitz* v. *Ruppert,* 218 N. Y. 148; *Matter of McCarter* v. *LaRoch,* 240 N. Y. 282; *Matter of Hansen* v. *Turner Const.. Co.,* 224 N. Y. 331; *Matter of Andrews* v. *L. & S. Amusement Corp.,* 253 N. Y. 97; *Matter of Helfrick* v. *Dahlstrom Metallic D. Co.,* 256 N. Y. 199; *Matter of Craciola* v. *Lewis,* 233 App. Div. 437; *Matter of Chaloux* v. *Royal Knitting Co.,* 231 App. Div. 774.)

LEHMAN, J. The claimant, while working in a laundry, fell and in falling struck a table which was part of the equipment of the laundry. She sustained injuries to her teeth, roof of the mouth and chest which disabled her for some weeks. An award in her favor was reversed by the Appellate Division.

The injuries occurred in the course of the claimant's

employment. The fall was, we must assume on this record, due to a cardiac condition. The problem presented is whether the injuries suffered are " accidental injuries " which arose not only " in the course " of the employment, but also " out of " the employment. An injury can arise " out of " an employment only when it is related to the employment. " The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connnected with the work." (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148, 152, per POUND, J.)

In most cases, accidental injuries received " in the course " of an employment arise from risks related to the employment. Not always. A purely fortuitous coincidence of time and place is not enough. There must be causal relation. An accidental injury is, from its nature, the unintended result of a combination of circumstances. Chance may dictate the coincidence in time or space of conditions which in combination produce catastrophe, but of course the result of the particular combination of conditions is dictated by the laws of nature, not of chance. Where conditions of the employment, including the location of the place of work, constitute a factor which in combination with other conditions produces accidental injury, the risk of such an injury is incident to the employment. That is true, though risk of similar injury is no greater in that employment than otherwise. Thus a fall may be due to a misstep in the course of the employment. All men are subject, during their waking hours, to the risk of a fall through a misstep or other mischance, alike when at home or at work. A clerk in a counting-house is no more subject to such a mischance than the public in general. None the less, when a clerk sustains injuries from a fall, through mischance, while working in a counting-house, the employ-

ment is one of the factors which produces the fortuitous combination of circumstances which resulted in the accidental injury. So we held in *Matter of Pasternack* v. *Federation of Jewish Charities* (240 N. Y. 621). We have applied the same principle in a host of other cases. The Workmen's Compensation Law (Cons. Laws, ch. 67) provides compensation for accidental injuries from any risk incident to the employment, whether that risk be great or small, usual or extraordinary, and every risk is incident to the employment where the employment is a factor in the combination of circumstances out of which the accidental injury arose. The distinction is between the fortuitous exposure of a workman in the course of his employment to a general risk not related to the employment, and the exposure of the employee to a risk that, because of the employment, the combination of circumstances which resulted in the accidental injury might arise. Often the distinction is difficult to apply, where causal relation, if it exists, is slight; — especially so where but for the employment the workman might not have come within the zone of danger caused by conditions otherwise not related to the employment.

"A physical seizure unrelated to the employment is not such an accident as is compensable. (*Matter of Hansen* v. *Turner Const. Co.*, 224 N. Y. 331.) It is the fall and the injury resulting from it that constitutes an accident within the purview of the statute. The cause may be disregarded and the inquiry limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except for the employment." (*Matter of Mausert* v. *Albany Builders Supply Co.*, 250 N. Y. 21, 25.) Thus where the primary cause of the accident must be eliminated because it has no relation to the employment, the inquiry proceeds to possible co-operating causes which produced the injury. The test is the same. If, except for the employment, the fall though due to a cause not

related to the employment, would not have carried the consequences it did, then causal connection is established between injury and employment, and the accidental injury arose out of the employment. • The employment has subjected the workman to a special danger which in fact resulted in injury.

In *Matter of Mausert* v. *Albany Builders Supply Co.* (*supra*) the proof of causal connection between employment and injuries was clear. The injuries were suffered on the street; the injured employee fell from the seat of a wagon on which he was placed in the course of his employment as a driver. His position there subjected him to a hazard of injuries in case of a fall, different from the hazard of a fall under other conditions. In *Matter of Andrews* v. *L. & S. Amusement Corp.* (253 N. Y. 97) the injuries were also sustained through a fall on a public street, but there the injured employee at the time he fell was standing on the sidewalk and the injuries were caused by concussion upon a concrete pavement. The employment placed the workman upon the street at the time of the fall. Otherwise there was no causal relation between injury and employment. Thus the problem of whether the employment placed the workman in a zone of " special danger " was again presented.

Some hazards are incident to the use of the street, and where in the course of his employment a workman is subjected to such " street risk " they become an incident of the employment, and injury resulting from them arises out of the employment, even though they are not confined to the employment and are common to all who use the street. So we decided in *Matter of Katz* v. *Kadans & Co.* (232 N. Y. 420, 422). There we were dealing with one of those accidental injuries which result to people on the streets, " which are peculiar to the use of the streets and do not commonly happen indoors." We drew a distinction between such injuries and injuries due to

cases which " do not expose to special danger persons in a street as distinguished from those in houses." We applied that distinction in *Matter of Andrews* v. *L. & S. Amusement Corp.* (*supra*). The risk that a fall, however caused, might result in concussion with a hard surface is a general hazard to which all men are subject, in their houses, shops and factories, as well as on the streets. The risk that a fall might result in concussion upon the pavement of a street is a hazard peculiar to the use of the street. A majority of the court held that the risk that a fall might result in a concussion upon the pavement of a street is not a special danger peculiar to the street but merely part of the general risk, that a fall may result in concussion upon a hard surface, to which all men are subject at their homes, their places of work and while passing along the street. The relative danger of injury from a fall upon the street and from a fall suffered in other circumstances may be a decisive factor in the determination of the question whether the risk of such injury upon the street is an incident of the employment of a workman who is placed upon the street at the time of the accident, by his employment. Even upon that point the minority differed with the majority of the court. It is irrelevant where a fall, however caused, in the place of employment, results in injuries other than those which would have resulted from a fall in another place.

All hazards, arising from conditions attached to the place of work, must be a source of special danger to the employees, for only those who resort to that place are subject to those hazards. There is a general hazard, common to all who walk or work in the street, that some object falling from a building abutting upon the street may cause injury. None the less, the location of the place of employment subjects the workers there to a special danger that objects may fall from a particular building near the place of work. That is a risk incident to the employment. So we held in *Matter of Filitti* v.

*Lerode Homes Corp.* (244 N. Y. 291, 293, opinion by CRANE, J.) where we said that the danger was " peculiar to the situation, and a risk which arose from working alongside or underneath a building   *   *   *. This claimant was, therefore, working ' within the zone of special danger.' (*Matter of Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470.) "

The case of *Matter of Giliotti* v. *Hoffman Catering Co.* (246 N. Y. 279, 283) foreclosed all question of whether an accidental injury arises out of the employment when those injuries are the result of conditions attached to the place of work, even though the primary cause of the injury may not be related to the employment and the conditions of the place of work not unusually dangerous. There an employee met death through the accidental burning of the building where he was employed. The cause of the fire was not disclosed. It may have been due to extraneous causes unrelated to the employment. The hazard of injury from the burning of a building is one common to all who work and sleep in buildings. None the less, the hazard of the burning of a particular place of work is a special danger incident to employment in that place and, therefore, we held that the injury arose out of the employment. " If the employee were not in the burning building he would not be within the zone of danger. It follows that his employment called him into a place of potential danger from that source."

The same considerations apply to the instant case, with, perhaps, even greater force. The claimant was subject at all times and places to injury by a fall which might result in concussion, upon a hard surface. The hazard that in a fall she might incur injury, by striking against the table near which she was working at the time of the fall, attached to the place of employment. To that potential danger only those in that place were subject, and thus her employment called her into a zone of special danger. The potential danger of injury from a fall at

some other place might have been no less. It was not the same. Though there is danger of injury, from some combination of conditions, at all times and at all places, the potential danger that any particular combination will arise and cause injury is limited both in time and space, and within those limits there is a zone of special danger from that source. Whenever conditions attached to the place of employment or otherwise incident to the employment are factors in the catastrophic combination, the consequent injury arises out of the employment.

The order of the Appellate Division should be reversed and the award of the State Industrial Board confirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., O'BRIEN and HUBBS, JJ., concur with LEHMAN, J.; CRANE, J., dissents on authority of *Matter of Andrews* v. *L. & S. Amusement Corporation* (253 N. Y. 97); KELLOGG, J., not sitting.

Order reversed, etc.