[Civil No. 3756. Filed November 16, 1936.]

[62 Pac. (2d) 124.]

H. R. WIGGINS, Petitioner, v. PRATT–GILBERT HARDWARE CO., Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

376

Mr. Emil Wachtel, for Petitioner.

Mr. Don C. Babbitt, and Mr. Howard A. Twitty, for Respondent Industrial Commission of Arizona.

LOCKWOOD, C. J.—H. R. Wiggins, hereinafter called petitioner, filed a claim with the Industrial Commission of Arizona, hereinafter called respondent, alleging that he had received an injury by an accident arising out of and in the due course of his employment, and asking for compensation under the Workmen's Compensation Law (Rev. Code 1928, § 1391 et seq.) therefor. A hearing was held informally, and on the 31st of January, 1936, the commission made its findings as follows:

"1. That on or about the 15th day of November, 1935, the above named applicant was in the employ of the above named defendant employer, who was insured against the liability imposed by said law by the above named defendant insurance carrier.

"2. That said applicant alleges to have sustained an injury by accident arising out of and in the due course of his said employment on or about said November 15, 1935.

"3. That the evidence is insufficient to establish that said applicant sustained any injury by accident aris-

ing out of and in the course of his said employment on or about said date'';

and ordered that the petitioner take nothing by reason of his claim. An application for rehearing was duly made, granted, and had on March 11th. At this time, the petitioner, his wife, and one Frank Gardner, a fellow workman, and Dr. E. Payne Palmer, appeared and were examined and cross-examined in regard to the alleged accident and injury.

The undisputed facts shown by the evidence were as follows: Petitioner was employed by the Pratt-Gilbert Hardware Company as a common laborer, and on the date of the alleged accident was engaged in cleaning certain machinery. He was working on a pump, and, in the course of his labor, lifted it to place it on some planks so he could better clean it. Both his hands and the pump were somewhat greasy, and it started to slip. In order to prevent its falling, he twisted himself in an abnormal position, and felt something give way inside him, and fell over on the pump. He was nauseated and unable to walk for a few minutes, but finally got up and told his fellow workman, Frank Gardner, that he was very ill and would have to go home, but before he could reach his home he felt so much worse that he asked to be taken to the hospital. This was done and shortly thereafter he was operated upon. He was in the hospital from the 15th until the 27th of November, when he returned home, but, feeling worse, he again returned to the hospital on the 6th of December, and was discharged on the 23d. His testimony in regard to the lifting of the pump and his conduct immediately thereafter was confirmed by Frank Gardner and, indeed, there is no contradiction thereof. He was operated upon by Dr. J. H. Patterson, of Phoenix. When his claim for compensation was presented to the commission, the matter was referred to the Medical Advisory Board. Dr. E.

Payne Palmer, one of the members of the board, gave him an external physical examination on December 8th, and examined the various X-rays which had been taken of him, and also studied the hospital records of the case, and consulted with Dr. Patterson and petitioner. Dr. Palmer's findings and conclusions were stated by him as follows:

"That, he had a pathological process before and the condition which developed would have developed whether he had been at rest or was lifting or in any other position he might have been in at that particular time."

The whole case was then submitted by him to the Medical Advisory Board, and, after considerable consultation and deliberation, they came to the following conclusion:

"The case of Mr. Wiggins, operated for ruptured duodenal ulcer by Dr. Patterson and reported by him as due to accidental injury was discussed. Dr. Patterson appeared before the committee and explained the surgical findings and his reasons for believing this to be an industrial injury due to overexertion. After discussion, Dr. Kennedy moved that judgment be deferred until further information could be secured. This motion carried. On the following day during a meeting of the Medical Rating Board, the Committee convened and this matter was again considered. Dr. E. Payne Palmer had examined the man and X-ray films with reports on them were reviewed and the following motion passed: After hearing the history of the case and the evidence shown by X-ray and hearing information brought by Dr. E. Payne Palmer, it is the opinion of the Committee that this condition is not due to nor influenced by accidental injury."

Dr. Patterson, for some reason, was not called upon to appear before the commission at any time. Upon this evidence the award was made.

Petitioner contends, in the first place, that the finding of the commission was (a) that there was no "accident" within the meaning of the Workmen's Compensation Law, and (b) that, if there was, no compensable injury arose therefrom, and that each of these conclusions is wrong. We are satisfied both from the admissions of respondent and the undisputed testimony that the evidence is conclusive there was an "accident" within the meaning of the Workmen's Compensation Law. Petitioner devotes much time arguing that the word "accident" is not limited to a fall or blow. This, of course, is true, nor does the respondent contend it is not, but admits substantially, by its brief, that an unexpected strain incurred in the line of duty may, and usually is, an "accident." But it is not every accident which is compensable, any more than it is every act of negligence by a party which may cause him to respond in damages. Just as the negligence must produce some damage, so the accident must produce a compensable injury. We turn, therefore, to the vital question, which is whether the evidence shows affirmatively and conclusively that petitioner was injured by the accident. It is, of course, the law that, when an application for compensation is made, the petitioner must establish to the reasonable satisfaction of the triers of fact (a) that there was an accident arising out of and in the due course of his employment and (b) that he was injured thereby. *Davis* v. *Industrial Com.*, 46 Ariz. 169, 49 Pac. (2d) 394. But where the evidence is susceptible of either an affirmative or a negative answer on either issue, the decision of the commission is binding upon this court in the same manner as the findings of a trial judge, or a verdict of a jury, under like circumstances. We turn then to the record to see whether, considered from any angle, it reasonably may be said to sustain the finding of the commission. There is no question

that shortly or immediately after petitioner suffered the strain in lifting the pump he became nauseated and vomited blood, that he was immediately taken to the hospital and given an exploratory abdominal operation, and that the physician who operated reported that there had been some kind of extravasation of blood into the tissues between the duodenum and the perineum. To the ordinary layman this would certainly indicate that there was some causal connection between the strain and the abdominal condition, and had there been no further evidence in the case, we would hold that the award was not sustained by any competent evidence, for the commission may not arbitrarily disregard the only reasonable inference which can be drawn from uncontradicted testimony. But, after all, the cause of the physical condition of the petitioner was, to a great extent at least, a matter of opinion and not positive knowledge, and expert medical opinion upon the subject is certainly competent evidence which the commission has the right to consider. The only medical testimony offered was that of one member of the Medical Advisory Board who had examined the petitioner and the medical records of the case, and discussed them with the operating surgeon, and the unanimous written conclusion of the board. In their opinion, the condition disclosed as a result of the operation was not produced by the strain which preceded it, and we cannot say that the commission did not have the right to accept their opinion instead of the one which would probably have been reached by an untrained layman. We may not reverse an award because of the fact that, had we been sitting as members of the commission, we might have chosen to disregard the expert medical opinion presented to it.

For the foregoing reasons, the award is affirmed.

McALISTER and ROSS, JJ., concur.