[Civ. No. 13083. First Dist., Div. Two. Aug. 5, 1946.]

NATIONAL AUTOMOBILE AND CASUALTY INSURANCE COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and WILLIAM H. HONERLAH, Respondents.

678

Henry G. Sanford for Petitioners.

R. C. McKellips and Edward A. Sarkisian for Respondents.

DOOLING, J.—Petitioners seek to annul an award of the Industrial Accident Commission based on a finding of the commission that "William H. Honerlah, applicant, while employed as an electrician . . . by Neon Maintenance Corporation, sustained injury arising out of and occurring in the course of the employment as follows: Said applicant fell and sustained an injury to his head."

It is undisputed that the applicant while at work suffered an epileptic seizure, not induced in any way by his employment, which caused him to fall and strike his head as a result of which he sustained a fracture of the skull and cerebral concussion.

Counsel argue that matter as if the record showed and the commission had found that the applicant's head injuries had been caused by his head striking the concrete floor of the shop without the interposition of any other agency connected with his employment. The commission made no such finding and the applicant, who was the only witness, testified as follows:

"Well, I lost consciousness and fell to the floor and hit a sawhorse and injured my head and knocked me out. . . .

"I was working at the end of the bench, and there were no close quarters; the only thing these horses were at the end of the bench which holds signs up, which we mount lights on and I evidently lost consciousness and hit the sawhorse. . . .

"Q. What part of your body struck the concrete? A. My head evidently did."

The testimony of applicant that in falling he struck the sawhorse is important because of the development of the law applicable to workmen's compensation in the instances where the workman receives traumatic injuries as the result of a fall induced by an idiopathic seizure.

Our Supreme Court in the early history of workmen's compensation in this state adopted the extreme view that a workman suffering a purely idiopathic attack which caused him to fall, even from a height where his employment took him, did not incur an injury arising out of his employment although in the fall from the height he incurred a traumatic injury. (*Brooker* v. *Industrial Acc. Com.*, 176 Cal. 275 [158 P. 126, L.R.A. 1918F 878], where the workman had an epileptic fit and fell from a scaffold 39 feet above the ground, the fall causing injuries which resulted in his death.)

Counsel for petitioners concedes that the harsh rule of the Brooker case is no longer in effect in this state. (See *G. L. Eastman Co.* v. *Industrial Acc. Com.*, 186 Cal. 587 [200 P. 17]; *California etc. Co.* v. *Industrial Acc. Com.*, 59 Cal.App. 225, 229 [210 P. 524]; *Pacific Telephone & Telegraph Co.* v. *Industrial Acc. Com.*, 19 I.A.C. (Cal.) 106; *Associated Indemnity Corp.* v. *Industrial Acc. Com.*, 1 Cal. Comp. Cases 12; *Petley* v. *Industrial Acc. Com.*, 9 Cal.Comp. Cases 44.)

In the later decisions of the Industrial Accident Commission above cited writs were denied by the courts without opinion and in *Pacific Telephone & Telegraph Co.* v. *Industrial Acc. Com., supra,* it is said:

"This case would definitely seem to overrule *Brooker* v. *I.A.C., supra,* and it was so urged in the briefs."

The courts in other jurisdictions seem about evenly divided on the question whether a traumatic injury suffered by his body striking the floor or ground is compensable where the fall was induced by the employee's idiopathic condition. Holding such an injury compensable are *Savage* v. *St. Aeden's Church*, 122 Conn. 343 [189 A. 599]; *Protectu Awning Shutter Co.* v. *Cline*, 154 Fla. 30 [16 So.2d 342]; *Barlau* v. *Minneapolis-Moline Power Implement Co.*, 214 Minn. 564 [9 N.W. 2d 6]; *A. C. Lawrence Leather Co.* v. *Barnhill*, 249 Ky. 437 [61 S.W.2d 1]. Denying compensation for such an injury are *Andrews* v. *L. & S. Amusement Corp.*, 253 N.Y. 97 [170 N.E. 506]; *Cinmino's Case*, 251 Mass. 158 [146 N.E. 245, 37 A.L.R. 769]; *Daub* v. *Industrial Com.*, (Ohio App.) 57 N.E.

2d 301; *Bibb Mfg. Co.* v. *Alford,* 51 Ga.App. 237 [179 S.E. 912].

We do not find it necessary to make a choice between these conflicting cases because the authorities are overwhelming that where the injury is contributed to by some factor peculiar to the employment it arises out of the employment even though the fall has its origin solely in some idiopathy of the employee. (*Wicks* v. *Dowell,* L.F. (1905) 2 K.B. Div. 225; *Connelly* v. *Samaritan Hospital,* 259 N.Y. 137 [181 N.E. 76]; *Cusick's Case,* 260 Mass. 421 [157 N.E. 596]; *Varao's Case,* 316 Mass. 363 [55 N.E.2d 451]; *Industrial Com.* v. *Nelson,* 127 Ohio St. 41 [186 N.E. 735]; *Stenberg* v. *Raymond Co-operative Creamery Co.,* 209 Minn. 366 [296 N.W. 498]; *Tavey* v. *Industrial Commission of Utah,* 106 Utah 489 [150 P.2d 379]; *Milwaukee Electric Ry. & Light Co.* v. *Industrial Com.,* 212 Wis. 227 [247 N.W. 841]; *Christensen* v. *Dysart,* 42 N.M. 107 [76 P.2d 1]; *Board of Commrs.* v. *Shertzer,* 73 Ind.App. 589 [127 N.E. 843]; *Peoria Ry. Terminal Co.* v. *Industrial Board,* 279 Ill. 352 [116 N.E. 651]; *Carroll* v. *What Cheer Stables Co.,* 38 R.I. 421 [96 A. 208, Ann.Cas. 1918B 346]; *Gonier* v. *Chase Companies,* 97 Conn. 46 [115 A. 677, 19 A.L.R. 83]; *Ervin* v. *Industrial Com.,* 364 Ill. 56 [4 N.E.2d 22]; *Reynolds* v. *Passaic Valley Sewerage Commrs.,* 20 N.J.Misc. 74 [24 A.2d 531], affd. in 130 N.J.L. 437 [33 A.2d 595], 131 N.J.L. 327 [36 A.2d 429]; *Baltimore Towage & Lighterage Co.* v. *Shenton,* 175 Md. 30 [199 A. 806]; *Miller* v. *Beil,* 75 Ind.App. 13 [129 N.E. 493]; *President and Directors of Georgetown College* v. *Stone,* 59 F.2d 875; *Rockford Hotel Co.* v. *Industrial Com.,* 300 Ill. 87 [132 N.E. 759, 19 A.L.R. 80].)

In *Varao's Case, supra,* the employee was seized with dizziness caused by a hypertensive heart. He fell against an iron motor box and fractured his skull. In affirming an award for his consequent death the Supreme Judicial Court of Massachusetts said (55 N.E.2d at p. 452):

"The motor box was attached to a machine which was located by the side of a passageway along which one performing the duties of a foreman would travel, and the location of the motor box could be found to be a special danger to one seized with a heart attack while passing along the passageway."

In *Connelly* v. *Samaritan Hospital, supra,* the employee fell against a table in a laundry. In holding the resulting

injury compensable the Court of Appeals of New York reasoned (181 N.E. at p. 79):

"The hazard that in a fall she might incur injury, by striking against the table near which she was working at the time of the fall, attached to the place of employment. To that potential danger only those in that place were subject, and thus her employment called her into a zone of special danger. The potential danger of injury from a fall at some other place might have been no less. It was not the same. Though there is danger of injury, from some combination of conditions, at all times and at all places, the potential danger that any particular combination will arise and cause injury is limited both in time and space, and within those limits there is a zone of special danger from that source. Whenever conditions attached to the place of employment or otherwise incident to the employment are factors in the catastrophic combination, the consequent injury arises out of the employment."

Our Supreme Court, speaking through Mr. Justice Schauer, pointed out in a recent decision that: "In considering whether an injury arose 'out of' and was 'proximately caused by the employment' it has been repeatedly recognized and emphasized that questions of workmen's compensation are not controlled by common law rules as to 'proximate cause' in tort cases and that reasonable doubts as to whether an injury is compensable are to be resolved in favor of the employee." (*Truck Ins. Exchange* v. *Industrial Acc. Com.*, 27 Cal.2d 813, 816 [167 P.2d 705].)

█ The respondent commission, under the evidence quoted, was justified in concluding that the sawhorse against which the applicant fell constituted a special risk of the employment and that his traumatic injuries were to be attributed to its presence at his place of work.

The award is affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied September 4, 1946.