233 P.2d 827

GOMEZ v. INDUSTRIAL COMMIS-
SION et al.

No. 5413.

Supreme Court of Arizona.

Decided July 12, 1951.

Leonard S. Sharman, of Phoenix, for petitioner.

Donald J. Morgan, Prescott (H. S. Mc-Cluskey and Robert E. Yount, Phoenix, of counsel), for respondent Ins. Carrier.

LOCKWOOD, Superior Court Judge.

The original opinion of the court in the above entitled matter affirming the award of the commission was handed down on May 7, 1951, and is reported in 72 Ariz. 69, 230 P.2d 686. The petitioner has asked for a rehearing; the reasons advanced are based upon three propositions, viz: (1) that the only uncontradicted medical opinion as to the cause of the accident sub-

stantiated the petitioner's contention; (2) that the court inadvertently treated the report of the commission's investigator, Stallcup, as reasonable and competent evidence to support the award; and (3) that the court inadvertently overlooked the fact that petitioner's accident and injuries were caused or contributed to by one of the inherent risks of his employment, in that the campfire which he necessarily maintained in his duties as a sheepherder was the cause or contributed to his injury regardless of the reason which may have caused his fall therein.

 Upon reviewing the record and the original opinion the court believes that it did overlook one element. This court has held that under section 56–973, A.C.A. 1939, the commission has wide latitude in the admission of evidence, including hearsay. If the claimant had made admissions against his interest to the investigator, Stallcup, directly, Stallcup's testimony regarding the same would properly have been admitted at the commission hearing. However, as has been pointed out by claimant, the conversation between Stallcup and the claimant was held through an interpreter whose services were apparently volunteer and not even under oath, as required in ordinary judicial procedure. Since the commission, unlike ordinary judicial tribunals, may entertain hearsay evidence if such admissions had been obtained under circumstances similar to those existing in the courts, that is, through a duly qualified interpreter under oath to interpret truly and correctly through a qualified officer of the tribunal, the testimony of Stallcup as to the conversation so interpreted to him might have been admissible under the broad jurisdiction given to the commission. However, the spirit and intent of the workmen's compensation Act is to protect and compensate injured workmen who fall within the purview of the Act, and endow the commission with broad discretion but not unlimited jurisdiction. The commission must therefore provide proper safeguards for the purpose of ascertaining the substantial rights of the parties and carrying out the spirit of the Act, in the admission of testimony, including hearsay.

 As pointed out, in this case the entire investigation on the part of Stallcup was handled casually, at a very short time after the accident, while petitioner was still in a serious physical condition, and through an interpreter who was not shown to have been duly qualified and under oath to interpret strictly and carefully. Under such circumstances we do not believe that the legislature intended that the provisions of section 56–973, supra, should be extended to permit hearsay testimony on the part of an investigator obtained through a casual volunteer interpreter who was not qualified through official employment by a public agency or tribunal, and not under oath. Such casual conversations might easily be misinterpreted, through lack of skill or understanding on the part of the inter-

preter, and could not best be calculated to ascertain the substantial rights of the party and carry out the spirit of the workmen's compensation Act. In the instant case, the interpreter appeared at the commission hearing and, under oath, denied both that the claimant had made the statements and that she had interpreted the conversation as reported and as testified to by Stallcup, but on the contrary stated positively that the claimant told her that he had stumbled over a clump of dirt and that she had so interpreted his statement to Stallcup. Her testimony on behalf of claimant was, however, only corroborative of a self-serving statement. We are therefore of the opinion that the testimony of the investigator, Stallcup, based on hearsay obtained by such an uncertain and unguarded manner, should not have been admitted by the commission, and therefore could not be the basis of a conflict of evidence.

▮ There remains, then, only the testimony of the claimant, who is an interested party, together with that of Dr. Polson, as to the cause of the accident. This court has held consistently that the claimant must sustain the burden of proof that he is within the terms of the workmen's compensation Act and thereby entitled to compensation, and also that the commission may disregard the testimony of an interested party.

Dr. Polson's testimony as shown by the record is somewhat confusing in phraseology. He stated that he had examined the claimant, Gomez, and found he was suffering from arteriosclerosis and hypertension, either of which might have caused a stroke or "periodic periods of complete unconsciousness due to lack of circulation in the brain", which latter quoted phrase, in layman's language, we understand to mean a "fainting spell". He testified positively there was no evidence of a stroke, and that Gomez' burns were so severe that he must have been entirely unconscious for a long period of time to sustain them, and that a person with a heart attack or who was not paralyzed could have rolled out of the fire before becoming so seriously injured. The only obvious and reasonable inference from such testimony must be that Gomez became unconscious for a long period of time, which unconsciousness could not be attributed to the only physical disabilities from which Gomez suffered.

▮ While the commission may disregard the testimony of an interested party, it may not arbitrarily disregard the only reasonable inference which can be drawn from the uncontradicted testimony in the particular case. Wiggins v. Pratt-Gilbert Hardware Co., 48 Ariz. 375, 62 P.2d 124. There was evidence that there were clumps of dried earth about claimant's camp, which was uncontradicted (the investigator only testifying negatively that he did not "see" them), and the only reasonable inference that could be drawn, taking the doctor's testimony as a whole, was that the claimant stumbled and fell into the fire, causing his unconsciousness and subsequent severe burns.

For the foregoing reasons, the award is set aside.

UDALL, C. J., and PHELPS and DE CONCINI, JJ., concur.

Justice STANFORD, being disqualified, the Honorable Lorna E. Lockwood, Judge of the Superior Court of Maricopa County, was called to sit in his stead.

LA PRADE, Justice (dissenting).

I do not concur in this opinion on rehearing. I believe that the original opinion correctly disposed of the case.