334 P.2d 768

Maria M. VALERIO, Widow, Maria Rosa Valerio and Ralph Asuncion Valerio, minor children of Encarnacion G. Valerio, Deceased, Petitioners,

v.

INDUSTRIAL COMMISSION of Arizona, and Jack Cummard, A. R. Kleindienst, and H. R. Larson, Members of Industrial Commission of the State of Arizona; and Apache Powder Company, Respondents.

No. 6614.

Supreme Court of Arizona.

Jan. 28, 1959.

Rehearing Denied Feb. 24, 1959.

H. S. McCluskey, Phoenix, for petitioners.

Robert K. Park, Phoenix, Attorney for respondent, Industrial Commission.

Evans, Kitchel & Jenckes, Earl H. Carroll, Phoenix, for respondent Apache Powder Co.

STRUCKMEYER, Justice.

Petitioners are the widow and minor children of Encarnacion G. Valerio. They asked this court to review an award of respondent Industrial Commission of Arizona denying their claim for death benefits. The Apache Powder Company employed Valerio at Curtis, Arizona, as a shell-house helper. Valerio's work was light, requiring him to remove unwaxed paper shell casings from a conveyor belt and place them in wooden frames for further processing. From time to time he supplied himself with empty frames from an outside storage area. On June 28, 1956, at 10:00 o'clock a. m., Valerio was found unconscious in a prone position on the concrete floor outside the door leading to his working area. There were no witnesses to his fall. An ambulance was called and he was taken to the hospital of Dr. James M. Hesser in Benson, Arizona, where he died a few hours later. An autopsy revealed that death was due to subdural hemorrhage of the skull resulting from an injury to the right side of the head.

Petitioners first urge that the Commission erred in denying their motion to

strike the opinion evidence of Dr. Hesser as to the "cause of death." It is not clear from petitioners' assignment of error or argument what opinion is the subject of the attack here. Dr. Hesser testified that death was (1) caused by a cerebral vascular accident and that (2) the "injury could be the result of * * * a characteristic epileptic fall." As to the first opinion, Dr. Hesser also testified that a cerebral vascular accident is a condition in which the brain is injured, usually by a hemorrhage of the blood vessels, and that it might be caused by external or internal pressure. He did not disagree with the report of the pathologist performing the autopsy that death was due to subdural hemorrhage of the skull. Plainly, Dr. Hesser is simply stating the cause of death in somewhat different language from that of the pathologist who performed the autopsy.

As to the second opinion, Dr. Hesser testified that he had treated many cases of epilepsy and was acquainted with the exact nature of the injury to decedent's head from the autopsy report. While the opinion assumes a fact in dispute, namely that decedent had an epileptic seizure, there is sufficient evidence to support such an assumption, as shall hereafter be shown. We conclude, therefore, that the Commission did not err in denying petitioners' motion to strike.

Petitioners attack the Commission's finding that decedent's death was wholly unrelated to his employment. They pointed out that he fell on the concrete floor which had a slight slope of $\frac{1}{4}''$ in $12''$ for drainage, and that the floor was covered by wax drippings which tended to melt in the heat of the summer sun. One witness testified that this would cause a man, "if he was not used to it, to slip." Under this evidence it was possible for the Commission to conclude that the fall might have been caused by the decedent's slipping on the concrete floor; but this was not the Commission's conclusion.

Seemingly its conclusion is predicated on the inference that the fall was precipitated by a pre-existing epileptic condition. Dr. Hesser testified that he had been treating decedent for epilepsy for some time prior to the accident, and that during seizures the decedent suffered wounds of the mouth and tongue. After the accident, Dr. Hesser observed bloody sputum on the lips of the decedent, and although he did not personally check the tongue, his nurse testified that she had observed a $\frac{1}{4}''$-deep fresh wound in it. While it is to be acknowledged that the petitioners' case permits the inference that decedent's fall was caused by a condition of his employment, there is sufficient evidence to establish the decedent's idiopathic condition as of the time of the accident.

As triers of fact, the Commission is the judge of the weight of the evidence, and its conclusions will not be here dis-

turbed on appeal. Harrington v. Industrial Commission, 84 Ariz. 356, 328 P.2d 311. We are not unmindful that both theories as to the cause of decedent's fall are to some extent negatived by other evidence developed in the course of the hearing, but it is sufficient to say, without a detailed recital, that here again the weight of the evidence is a matter for the Commission.

■■ Petitioners next urge that even if the fall was caused by an idiopathic condition, the cause of death was the head injury suffered by contact with the concrete floor and that the injury arose out of the employment and is compensable. We have had occasion before to consider the merits of this argument, Sears Roebuck & Co. v. Industrial Commission, 69 Ariz. 320, 213 P.2d 672; Gomez v. Industrial Commission, 72 Ariz. 265, 233 P.2d 827, and concluded that such injuries are not compensable. In effect, petitioners' argument asked us to re-examine this holding. We note that both petitioners and respondent have exhaustively explored the cases in this area, and that there is an irreconcilable conflict, some courts holding that idiopathic falls from substantially level floors are compensable. We are not inclined to follow those cases, preferring, rather, to follow our previous holding that the accident and resulting injuries must arise out of the employment. That a fall occurs while the victim is at work does not automatically qualify him for compensation; the employment must contribute to the hazard out of which the injury occurs. The mere furnishing of a floor, however hard, does not, in our opinion, create a greater or different risk from the hazards to which all mankind is daily exposed.

The award of the Commission is affirmed.

PHELPS, C. J., and UDALL, J., concur.

BERNSTEIN, J., did not participate in this opinion.

JOHNSON, Justice (dissenting).

We respectfully disagree with the majority opinion.

Since the Commission found that the fall was solely the result of the epileptic condition, the only question before this court is whether Valerio's resulting death from subdural hemorrhage of the skull "arose out of the employment with the Apache Powder Company."

We believe that the concrete floor upon which Valerio worked was itself an environmental factor, and it obviously is just as much an identifiable incident of the employment as is a machine, a work bench, an open shaft, a staircase or a ladder; the employment required the worker to use the concrete floor, and the floor, not the idiopathic disease, caused the trauma, resulting in a fractured skull, brain injuries and

death. Therefore, his death arose out of his employment.

We realize that the courts in other jurisdictions seem about evenly divided on the question whether a traumatic injury suffered by a body striking the floor or ground is compensable where the fall was induced by the employee's idiopathic condition. However, it appears that the modern trend is definitely in favor of allowing compensation.

The injury which actually produced death in the instant case was the damage to the skull of the employee caused by his body falling to the concrete floor, where his employment caused him to be at that time. There was no evidence indicating whether his alleged epileptic condition caused the fall or whether the fall caused the epilepsy. In either event, we do not believe that his dependents should be deprived of compensation.

It is well settled that an injury suffered from a fall on the employer's premises, in the course of employment, from a height or on or against some object, arises out of the employment and is compensable, even though the fall was caused by an idiopathic condition of the employee. National Automobile & C. Ins. Co. v. Industrial Acc. Comm., 75 Cal.App.2d 677, 171 P.2d 594; Larson's Workmen's Compensation Law, Vol. 1, p. 158.

It then seems that there is no reasonable basis for denying compensation where the fall is to the floor. What difference can it make that the employee's head struck a concrete floor, rather than some object a few inches above or below the level of the floor? It seems to us that the distance an employee's body falls until it comes in contact with the floor or some object should be entitled to no consideration.

The majority opinion holds that the mere furnishing of a floor, however hard, does not create a greater or different risk from the hazards to which all mankind is daily exposed. We believe this is well answered in Savage v. St. Aeden's Church, 122 Conn. 343, 189 A. 599, 601, wherein that court said:

"* * * The risk may be no different in degree or kind than those to which he may be exposed outside of his employment. The injury is compensable, not because of the extent or particular character of the hazard, but because it exists as one of the conditions of the employment. * * *"

See also Employers Mut. Liability Ins. Co. v. Industrial Acc. Comm., 41 Cal.2d 676, 263 P.2d 4.

We believe that the Sears case cited in the majority opinion was erroneously decided in the first instance and should be overruled.

The award should be set aside.

WINDES, J., concurs in the dissent.