489 P.2d 718

**PMC POWDERED METALS CORPORA-TION, Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Jesse F. Thomas, Respondent Employee.**

**No. 1 CA–IC 613.**

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 14, 1971.

Robert K. Park, Chief Counsel by Arthur B. Parsons, Phoenix, for petitioners State Compensation Fund and PMC Powdered Metals Corp.

Morgan & Jerome by D. A. Jerome, Phoenix, for respondent Thomas.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Comm. of Ariz.

HAIRE, Judge.

The petitioning employer and the State Compensation Fund raise two questions in this review of an award of the Industrial Commission (1) Did the hearing officer abuse his discretion in denying the petitioners' request for a continuance? (2) Is the award supported by the evidence?

The claim arose from a fall the claimant suffered during the course of his employment on June 3, 1969. At the time of the accident claimant was refueling a truck at a makeshift bulk storage facility. The refueling facility had been constructed by cutting away the side of a steep hill and forming a landing above the cut. Fuel was stored on the landing and was piped down to service trucks that would drive up beneath the landing. Claimant fell from a ladder that extended from the base of the cut up to the landing. He fell approximately eight feet to the ground, falling between a truck and the rocky wall forming the base of the hill.

On March 27, 1970, the Commission received a "Workmen's and Physicians Report of Injury" (ICA Form 102) signed by claimant. Although the name of Dr. Morton S. Thomas, III, was typed thereon, this report did not contain any medical infor-

mation, nor was it signed by Dr. Thomas. Based upon a subsequent report from the employer that the "injury resulted from preexisting condition and not from employment", the State Compensation Fund issued a notice of claims status on June 18, 1970 which denied the claim, stating that the claim was "denied on basis claimant did not sustain an injury by accident arising out of and in the course of employment within the meaning of the workmen's compensation law of Arizona." The denial of the claim was timely protested and a hearing was eventually held in Wickenburg, Arizona, on October 14, 1970. The notice for this hearing stated that:

"The parties are expected to submit all issues in controversy for decision at this hearing; therefore all necessary witnesses, evidence, documents, medical reports, payrolls and other essential proof must be available and ready for submission at the hearing. The above-named applicant is hereby ordered to appear in person and to have present all witnesses necessary to fully present applicant's case. The above-named defendant employer and defendant insurance carrier are hereby notified that they may appear and present any testimony necessary to the full presentation of their case."

Notwithstanding the foregoing, none of the parties presented any medical evidence nor any evidence relating to the claimant's resulting disabilities, if in fact there were any. It is this failure which gives rise to the questions involved on this review.

Prior to the hearing, claimant's counsel wrote a letter to the Commission requesting the issuance of subpoenas for four lay witnesses and for Dr. Morton S. Thomas, III, who resided in Wickenburg. The letter further stated:

"It appears that claimant was treated at the Veterans' Administration hospitals in Tucson and Prescott, Arizona. If we need Dr. Bucksbaum, Veterans Administration Hospital, Tucson, Arizona, I would like to have the privilege of examining this doctor in Tucson subsequent to the hearing of September 18, 1970, at Wickenburg."

This letter was received by the Commission, but through unexplained circumstances the letter was thereafter transmitted to the State Compensation Fund and no subpoenas were issued. As a result, only two witnesses were present at the hearing—the claimant and his wife. The claimant testified on direct examination that his foot slipped because of an oil spillage and that he then fell, striking his head on the truck on the way down, but, on cross-examination he admitted that he didn't remember slipping nor did he remember falling. In any event, it is undisputed that he did fall, and based upon claimant's testimony it appears clear that he was unconscious for a short period of time. Claimant admitted that for some time prior to the fall, Dr. Thomas had been treating him for high blood pressure and severe headaches. Claimant's son, who was then 14 years old observed the fall but was not present at the hearing and did not testify.

There was no medical testimony and very little lay testimony concerning any injuries which the claimant might have received in the fall. Both the claimant and his wife testified that he received cuts on the neck, arms and face and on the side of his head, and that his shirt was bloody. There is no testimony that these injuries caused his subsequent hospitalization or surgery. As to events subsequent to the fall, the claimant's testimony indicates that two fellow workers took him to his home and that his wife then took him to Dr. Thomas in Wickenburg. Dr. Thomas apparently did not treat him at all, but rather told claimant's wife to take him directly to the Veterans Administration Hospital in Prescott. Claimant testified that he was later transferred to the Veterans Administration Hospital in Tucson and that he underwent surgery there. No evidence was offered as to the reason for the hospitalization or the nature of the surgery.

After the foregoing evidence was presented, counsel for the State Compensation Fund requested a continuance so that he could present medical testimony concerning the cause of the fall and also relating to the hospitalization and the nature of the surgery performed upon the claimant. The motion complied in all respects with the specificity requirements of Rule 56, Rules of Procedure Before the Industrial Commission (1970). When the hearing officer inquired as to why these medical witnesses had not been subpoenaed to appear for the Wickenburg hearing, counsel for the Fund alluded to the fact that he had previously furnished to claimant's counsel copies of medical reports from the Tucson and Prescott Veterans Administration Hospitals and stated that both counsel had assumed that there would have to be expert medical testimony; that the two named doctors were from Prescott and Tucson and pursuant to prior practices of the Commission they would not be required to appear and testify at a hearing in Wickenburg, Arizona. The hearing officer took the motion for continuance under advisement and later requested written memoranda from counsel relating thereto. In his memorandum, counsel for the Fund further supported his motion for continuance by attaching medical reports tending to show that claimant's fall was caused by fainting due to a brain tumor and that the subsequent hospitalization and surgery was also occasioned by the brain tumor. The hearing officer denied the motion for continuance and entered "Findings and Award for Compensable Claim" finding:

"3. On June 3, 1969 the applicant was filling diesel fuel drums on a pickup truck for defendant employer; in performing this function, it was necessary for the applicant to stand approximately eight feet above the ground with one foot on a ladder and the other on the truck; either the truck or the applicant's foot thereon was made slippery by the diesel fuel; while in the process of performing this duty, applicant's foot slipped from the truck and as a result he fell to the ground striking his head and sustaining injuries; said injuries arose out of and within the course of his employment within the meaning of the Workmen's Compensation Act, entitling him to benefits as provided by law."

\* \* \* \* \* \*

"5. Information available at the hearing was not suffficient to permit a determination of the full extent of applicant's injuries resulting from the industrial accident or a determination of the duration of any disability resulting therefrom."

and awarding:

"1. Temporary total and/or temporary partial compensation benefits from and after June 3, 1969, as provided by law.

"2. Medical, surgical and hospital benefits from and after June 3, 1969, as provided by law."

The hearing officer's findings and award was sustained upon review by the Industrial Commission.

[1] As previously stated herein, the State Compensation Fund questions the sufficiency of the evidence to support the award and also contends that the hearing officer abused his discretion in failing to grant a continuance. In arriving at our decision concerning the sufficiency of the evidence, we must first consider the scope of the findings and award here involved. Both the claimant and the respondent Industrial Commission have submitted briefs in this matter and both stress the fact that the only issue determined by the findings and award was whether the claimant suffered an injury in an industrially related fall, *and not whether there were any compensable results from that injury*. So interpreted, the findings and award is supported by some evidence. We agree with the Fund's counsel that the workmen's compensation laws do not contemplate the invocation of Commission jurisdiction to determine inconsequential matters having no possible compensation or medical bene-

fit consequences. However, the Arizona courts have previously held that the Commission is not required to determine all relevant matters in one hearing, but may in the exercise of its reasonable discretion, determine certain matters in controversy at one hearing, and schedule later hearings for the determination of other issues in controversy. Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83 (1969).

Here the evidence was sufficient to support the Commission's finding that the claimant suffered *an injury* arising out of and in the course of his employment, and therefore the award must be affirmed unless we find that the denial of a motion for continuance constituted error.

The continuance was sought by the Fund so that medical evidence could be introduced on two issues: First, to show that the claimant's fall was caused by an idiopathic condition (that is, fainting as a result of a brain tumor) and thus was not an injury by accident arising out of and in the course of employment; and, second, to show that the hospitalization and surgery and any disability involved were the results of the brain tumor, and not causally related to an industrial injury. In view of the restricted nature of the award entered after the Wickenburg hearing, we will not consider the question of whether the motion to continue should have been granted in order to allow the Fund to present medical evidence on the second issue. The award, as construed by this Court and by the Commission does not preclude the Fund from offering evidence at a subsequent hearing as to the extent of the claimant's industrially related injuries, and thus we do not find any resulting prejudice on this second issue.

 In considering the first basis for the Fund's motion to continue, we recognize that the granting of a continuance is discretionary. Sanchez v. Industrial Commission, 13 Ariz.App. 82, 474 P.2d 441 (1970); Rules of Procedure Before the Industrial Commission 56(a) (1970). However, we have held that motions for continuances should be freely granted. Sanchez v. Industrial Commission, *supra; see* Polston v. Industrial Commission, 13 Ariz. App. 291, 475 P.2d 950 (1970). A continuance should not be granted for dilatory purposes. Sanchez v. Industrial Commission, *supra; see* Rule 56(b), Rules of Procedure Before the Industrial Commission (1970).

In reviewing the total fact situation presented here, it is our opinion that the hearing officer closely approached, if in fact he did not cross, that fine line which separates the exercise of reasoned discretion from arbitrary and capricious action.

██ Nevertheless, for reasons not advanced by the hearing officer, we find that it is not necessary to set aside the award. Even if we assume that the Fund had been allowed a continuance and had introduced evidence showing that the claimant's fall from the ladder resulted solely from the fainting spell caused by a brain tumor, in our opinion his injuries *resulting from the fall* would be compensable.

Workmen's compensation claims for disabilities resulting from idiopathic or self-originating injuries [1] have been previously considered and rejected by the Arizona Supreme Court where the employment has not contributed to the hazard out of which the injury grows. Valerio v. Industrial Commission, 85 Ariz. 189, 334 P.2d 768 (1959); Gomez v. Industrial Commission, 72 Ariz. 69, 230 P.2d 686 (1951), rehearing, 72 Ariz. 265, 233 P.2d 827 (1951); Sears, Roebuck & Co. v. Industrial Commission, 69 Ariz. 320, 213 P.2d 672 (1950). *See also,* Sacks v. Industrial Commission,

---

1. Larson refers to this class of injuries as "injuries arising out of risks or conditions personal to the claimant". 1 A. Larson, Workmen's Compensation Law, § 12.00, p. 192.6 (1968).

**464**

13 Ariz.App. 83, 474 P.2d 442 (1970). In the fact situation here involved it is admitted that the claimant fell from a ladder and truckbed while performing the duties of his employment. This, in our opinion, constitutes an employment-contributed hazard or risk greater than "the hazards to which all mankind is daily exposed". *See* Valerio, *supra*. Most courts which have considered idiopathic falls from heights have held, as we do here, that injuries resulting from such falls are compensable. *See* 1 A. Larson, Workmen's Compensation Law, § 12.13, p. 192.11 (1968).

Since such evidence would not have led to a different result, it is our opinion that the failure of the hearing officer to grant a continuance to allow the Fund to present evidence concerning the alleged idiopathic nature of claimant's fall did not constitute prejudicial error, and therefore the award must be affirmed. This affirmance is made pursuant to the position taken by both the respondent claimant and the respondent Commission in briefs filed in this Court that the complained of findings and award is not to be construed as awarding claimant medical or compensation benefits of either a temporary or permanent nature, but merely is an award establishing that claimant's fall from the ladder resulted in "an injury" arising out of and in the course of his employment. Only those injuries resulting from the fall as shown by evidence to be hereafter received by the Commission will be compensable. In any future hearings, petitioner shall not be precluded from showing circumstances surrounding and relating to the cause of claimant's fall insofar as such circumstances are relevant to his subsequent physical condition and the cause thereof.

The award is affirmed.

JACOBSON, P. J., and EUBANK, J., concur.