■      In the Matter of the Claim of EMILIA TIRLONI, Respondent, v. NINO'S BEDFORD VILLAGE CAFE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed July 14, 1971, and from an amended decision, filed January 20, 1972, which awarded death benefits to the claimant. Claimant's deceased was employed by the appellant as a chef, and resided on the second floor of the premises. On the morning of December 26, 1965, at about the time the deceased normally began his daily duties, he was found unconscious on the floor of the restaurant. A few feet away was a table which had been overturned. He was removed to a hospital where he died three days later without having regained consciousness. An autopsy report indicated that death was caused by subdural hematoma and subarachnoid hemorrhage due to a skull fracture. A majority of the Workmen's Compensation Board found that decedent had tripped and fallen, "striking a protruding object with some force in the course of falling to the floor and sustained a fractured skull and contusion which resulted in a subarachnoid and subdural hemorrhage and death." The board further found that the accident arose out of and in the course of employment and that the death was causally related thereto. The appellants contend that there was no substantial evidence to support this finding, and that the hemorrhages were the spontaneous result of the decedent's diabetes and cirrhosis of the liver, and preceded his fall. We do not agree. There was evidence of a recent abrasion over the left occipital region of decedent's head, from

which claimant's medical expert concluded that the decedent's head must have struck something on the way down. The expert was of the opinion that a fall directly to the floor could not have produced such an abrasion to that particular area of the head. In situations where there is a dispute as to whether death resulted from injuries received in a fall or from an internal medical event preceding the fall, " there has been a tendency to sustain the presumption invoked by the board where the medical record would be open to a finding either way " (*Matter of Kurash* v. *Franklin Stores Corp.*, 12 A D 2d 368, 370). The board's finding that the fracture caused the death-producing hemorrhages must therefore be sustained. The " protruding object " which produced the fracture would, of course, be an " added risk " of the employment which makes the accident compensable under well-settled doctrine even though the fall may have been idiopathic (*Matter of Connelly* v. *Samaritan Hosp.* 259 N. Y. 137). Decisions affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Main, JJ., concur.