NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

MATTHEW GOMEZ, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

QUIKTRIP DBA, QUIK TRIP, *Respondent Employer*,

QUIKTRIP CORPORATION, *Respondent Carrier*.

No. 1 CA-IC 22-0047
FILED 10-19-2023

---

Special Action - Industrial Commission
ICA Claim No. 20211740003
Carrier Claim No. 20-41007
The Honorable Michelle Bodi, Administrative Law Judge

**AFFIRMED**

---

COUNSEL

Thomas C. Wilmer PC, Phoenix
By Thomas C. Wilmer
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Lundmark Barberich La Mont & Slavin PC, Phoenix
By R. Todd Lundmark, David T. Lundmark
*Counsel for Respondent Employer and Insurance Carrier*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Andrew M. Jacobs joined.

---

**G A S S**, Chief Judge:

¶1            While working as a clerk in a QuikTrip convenience store, Matthew Gomez suddenly fainted and fell to the ground. As he fell, he struck the back of his head on a hard stone floor, suffered a seizure, and developed a seizure disorder. He concedes his employment did not cause him to faint. Even so, he argues his claim is compensable because the store equipment he fell into caused him to fall backwards, causing him to develop a seizure disorder. The Industrial Commission of Arizona (ICA) rejected his argument. We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2            While working his regular shift at QuikTrip, Gomez fainted when he was standing near a soda fountain and cabinetry. He lost consciousness and collapsed, hitting the soda fountain and cabinetry and landing on his back. The back of his head hit the stone floor hard. He suffered a traumatic brain injury and developed a posttraumatic seizure disorder. The two neurologists who examined Gomez agreed Gomez developed the seizure disorder because the back of his head struck the floor when, for no reason attributable to his employment, he fainted. Gomez argues his employment caused his injury because the soda fountain and cabinetry caused him to fall backwards. He filed a claim for workers' compensation, which QuikTrip, a self-insured employer, denied.

¶3            An ICA Administrative Law Judge (ALJ) heard the case. Gomez argued that but for the presence and placement of the soda fountain and cabinetry, he would have fallen forward and not hit the back of his head. The ALJ characterized Gomez's argument as "pure conjecture," and concluded the soda fountain and cabinetry did not contribute to Gomez's injury in any significant way. The ICA denied compensability. After administrative review affirmed the decision, Gomez filed this statutory

special action. This court has jurisdiction under article VI, § 9, Constitution of Arizona, and A.R.S. §§ 12-120.21.B, 23-951, 23-943.H, and Rule 10, Arizona Rules of Procedure for Special Actions.

## ANALYSIS

**¶4** The elements of compensability are (1) an injury (2) by accident (3) "arising out of and in the course of employment." A.R.S. § 23-1041.A. "Arising out of" refers to the origin or cause of the injury, and "in the course of" refers to the accident's time, place, and circumstances in relation to the employment. *Pac. Fruit Express Co. v. Indus. Comm'n*, 32 Ariz. 299, 303–04 (1927). The claimant bears the burden of proving the compensability elements. *Keovorabouth v. Indus. Comm'n*, 222 Ariz. 378, 380–81 ¶ 7 (App. 2009).

**¶5** The parties do not dispute the relevant facts. And the medical expert opinions do not differ on the cause of Gomez's injury. Gomez was in the course of his employment at all relevant times. He suffered an idiopathic event (syncope) in which he lost consciousness at work: he fainted. He fell to the ground and hit the back of his head with enough force to cause a seizure disorder. The blow to his head, not the fall, caused the seizure disorder.

**¶6** But the parties disagree about whether the circumstances of Gomez's employment—specifically the soda fountain and cabinetry—created a greater risk than those risks commonly present when a person passes out and falls to the ground.

**¶7** Generally, injuries from falls caused by idiopathic conditions (conditions personal to the worker) are not compensable, even if they occur during employment. *Valerio v. Indus. Comm'n*, 85 Ariz. 189, 192 (1959). But if the employment increases the risk to the worker, an injury from an idiopathic fall can be compensable. *See PMC Powdered Metals Corp. v. Indus. Comm'n*, 15 Ariz. App. 460, 463–64 (1971) (concluding idiopathic fall from ladder was compensable). The hardness of a floor has been held not to constitute a greater risk to the injured worker who falls on it: "The mere furnishing of a floor, however hard, does not, in our opinion, create a greater . . . risk from the hazards to which all [people are] daily exposed." *Valerio*, 85 Ariz. at 192.

**¶8** Gomez argues the soda fountain and cabinetry increased the risk because it redirected his fall, causing him to strike the back of his head. The ALJ found to the contrary in favor of QuikTrip. This court defers to the factual findings of the ALJ. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270 ¶ 14

(App. 2003). It will not disturb the ALJ's findings unless they are clearly erroneous, which they are not if supported by substantial evidence. *See Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51–52 ¶ 11 (App. 2009) Ample evidence supports the ALJ's resolution of facts here. Gomez argues the presence of the soda fountain and cabinetry increased the risk of injury. At oral argument, Gomez's counsel referred to security-camera video of the fall and emphasized it as supportive of this position. Though the video was part of the ICA hearing record, it was not viewable to this court at that time. The court has since viewed the video and considers it in its analysis. QuikTrip argues "[t]he presence of the drink machine and cabinetry may actually have lessened the severity of the ultimate impact." Regardless, no evidence in the record suggests Gomez could have suffered other possible injuries, lesser or greater, if he had not fallen into the soda fountain and cabinetry. As the ALJ commented, any speculation on that point is "pure conjecture."

**¶9**        Gomez did not meet his burden of proof. He failed to show the soda fountain and cabinetry into which he fell posed any greater risk to him than those common to anyone who falls after fainting. His citation to cases from other states and his invocation of Professor Larson lack a factual basis. We, thus, need not address Larson's statement about the compensability of an injury from an idiopathic fall when "the employment places the employee in a position increasing the dangerous effects of such a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle." 1 Lex K. Larson, Larson's Workers' Compensation § 9.01[1] (Matthew Bender, Rev. Ed. 2023).

**CONCLUSION**

**¶10**        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4