398 P.2d 932

**James AVENENTE, dba Oak Tavern, Petitioner,**

**v.**

**Addie Pat SMOUSE and the Industrial Commission of Arizona, Respondents.***

**No. 1 CA–IC 6.**

Court of Appeals of Arizona.

Feb. 11, 1965.

* The Petition was filed with the Arizona Supreme Court and assigned that Court's Number 8356. The Arizona Supreme Court issued its Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23, A.R.S.

Harry Bagnall, Coolidge, for petitioner.

Virginia Hash and Walter W. Mc-Millen, Phoenix, for respondents.

CAMERON, Judge.

Respondent, Addie Pat Smouse, filed a claim which was received by the Industrial Commission on 28 February, 1963. Mrs. Smouse claimed an injury to her back while working for petitioner in his bar in Florence, Arizona.

The Industrial Commission on 18 March, 1963, entered its findings and award for Non-Compensable Claim. The Commission found that the petitioner did not sustain an injury as claimed. "Notice of Protest of Award and Petition. for Application for Rehearing" were duly filed by the respondent, Smouse, and a second hearing was held in Florence on 29 April, 1963. On 19 November, 1963, the Commission directed that the findings and award of 18 March, be amended to indicate a compensable award and that the defendant employer be ordered to pay compensation and accident benefits. Petitioner filed a timely application for rehearing and a hearing was held in Florence on 24 February, 1964.

At the beginning of the hearing, the referee announced that the Commission's file was "herein available for inspection by any interested party", and he stated that following the hearing on 20 May, 1963, that the Commission had received, among other things, a letter from respondent Smouse's husband, which letter had been placed in the file. After discussing other matters, the following conversation took place:

"MR. BAGNALL: May we see that letter?

"THE REFEREE: Which letter?

"MR. BAGNALL: The letter from her husband.

"THE REFEREE: Yes. Are there any additions or corrections now?

"MR. BAGNALL: I have no additions or corrections now.

"MR. McMILLEN: I have none.

"MR. BAGNALL: May the record show there is a letter in the file of the Industrial Commission as follows: 'This is the sworn statement that I, J. Smouse, at no time told James Avenenti that my wife, Addie E. Smouse, couldn't report to work because she had hurt her back. His statement is a complete fabrication made to protect his own interest. Sincerely yours, J. Smouse.' Indicating the receipt by the Industrial Commission on October 14, 1963. And also an indication that it was filed in NE 833. I would move at this time that that particular letter be stricken from the record of the Industrial Commission unless Mr. J. Smouse is—or unless the Industrial Commission is willing to produce Mr. J. Smouse to be cross examined.

"THE REFEREE: The Industrial Commission is not willing to produce Mr. Smouse here to be cross examined. Do you have anything you want to say?

"MR. McMILLEN: No.

"MR. BAGNALL: What is the ruling upon my motion to strike the letter from the record?

"THE REFEREE: Mr. Bagnall, I look upon this letter from Mr. Smouse as nothing more nor less than a controverting affidavit controverting Mr. Avenenti's testimony at the last hearing. I will deny your motion.

"MR. BAGNALL: Just for the record, that is all.

"THE REFEREE: Motion denied.

"MR. BAGNALL: I would also like to state that this particular piece of paper which appears in the file is

not under oath and is not sworn to before a Notary Public. Is that correct?

"THE REFEREE: That is correct."

The referee filed his report with the Industrial Commission the next day, recommending that the previous award be affirmed. The decision upon rehearing affirming previous decision upon rehearing was entered and the petitioner brings this matter to us on a Writ of Certiorari. The petitioner claims that the referee erred in refusing to allow petitioner's motion to strike the letter of Mr. Smouse, or in the alternative, to allow the petitioner to cross examine Mr. Smouse. We think this objection is well taken.

It is true that the Arizona Workmen's Compensation Act provides that the Commission is not bound by ordinary rules of evidence. Section 23-942, A.R.S. states as follows:

"The commission shall not be bound by the rules of evidence or by technical or formal rules of procedure other than as provided in this chapter. The commission may conduct investigations in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out the spirit of this chapter."

■■ However, the Arizona Supreme Court has stated on more than one occasion that when the Commission makes an award, it is acting judicially and is therefore bound to follow the general principles of law. Bradley v. Industrial Commission, 51 Ariz. 291, 76 P.2d 745 (1938), Barber v. Industrial Commission, 47 Ariz. 294, 55 P.2d 654 (1936). The Arizona Supreme Court has also stated on more than one occasion, that the parties have the right of cross examination, Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 276 P.2d 534 (1945), Simpkins v. State Banking Department, 45 Ariz. 186, 42 P.2d 47 (1935).

In the Simpkins v. State Banking Department case, our Arizona Supreme Court at page 191 of the Arizona Reports, 42 P.2d at page 49, stated as follows:

"While the rule in favor of the admissibility of hearsay testimony in compensation cases has been well established in this jurisdiction, we think such hearsay testimony, to be admissible, must be presented in such a manner that a petitioner has the opportunity to cross-examine and go fully into the matter before the commission may base an award thereon in whole or in part, and that these confidential reports cannot be considered as evidence upon which a final award at a rehearing can be founded."

■ In cases where the Industrial Commission has refused evidence our Supreme Court has upheld them, Kelsey v. Industrial Commission, 79 Ariz. 191, 286 P.2d 195 (1955). In the instant case, the referee brought the letter to the attention of petitioner's attorney at the time of the hearing in Florence. There is no indication that petitioner's attorney residing in Pinal County, had knowledge of this letter at any time prior to that hearing. It is up to the Industrial Commission to provide the proper safeguards for the introduction of evidence, and receiving of testimony in its hearings. It is not up to the petitioner to find and bring to the hearing the witness for cross examination, it is up to the Commission to do so if it intends to use such evidence upon which to base its decision. Our Supreme Court has stated as follows:

"* * * The commission must * * * provide proper safeguards for the purpose of ascertaining the substantial rights of the parties and carrying out the spirit of the Act, in the admission of testimony, including hearsay." Gomez v. Industrial Commission, 72 Ariz. 265 at 267, 233 P.2d 827, at 828 (1951).

In the case of Forman v. Creighton School District No. 14, 87 Ariz. 329, at page 331, 351 P.2d 165, at page 166 (1960), our Supreme Court cited with approval the following:

" * * * The Commission is an administrative body and, even where it acts in a quasi judicial capacity, is not limited by the strict rules, as to the admissibility of evidence, which prevail in suits between private parties. Interstate Commerce Commission v. Baird, 194 U.S. 25, 48 L.Ed. 860, 24 Sup.Ct.Rep. 563. But the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules of evidence by which rights are asserted or defended. In such cases the Commissioners cannot act upon their own information, as could jurors in primitive days. All parties must be fully appraised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, to inspect documents, and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense. In no other way can it test the sufficiency of the facts to support the finding; for otherwise, even though it appeared that the order was without evidence, the manifest deficiency could always be explained on the theory that the Commission had before it extraneous, unknown, but presumptively sufficient information to support the finding. Interstate Commerce Commission v. Baltimore, etc. R.R., 226 U.S. 14, 57 L.Ed. 104, 33 S.Ct. 5".

In admitting this letter from Mrs. Smouse's husband, and not allowing the petitioner to cross examine Mr. Smouse, the referee prevented the petitioner from having his day before the Commission. Furthermore, we find nothing in the law which would allow the referee to treat an undated, unsworn-to (or un-notarized) letter as a "controverting affidavit."

The award is hereby set aside.

STEVENS, C. J., and DONOFRIO, J., concurring.