425 P.2d 864

Eduardo P. CHAVEZ, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondents,

Magma Copper Company, San Manuel Division, Defendant Employer.

No. 1 CA–IC 120.

Court of Appeals of Arizona.

April 14, 1967.

Rehearing Denied June 19, 1967.

Review Denied Sept. 21, 1967.

Hirsch, Van Slyke & Ollason, by Clague A. Van Slyke, Tucson, for petitioner.

Twitty, Sievwright & Mills, by George E. Reeves, Phoenix, for respondent Magma Copper Co.

W. E. PATTERSON, Judge of the Superior Court.

This case is before the Court by writ of certiorari granted on petition by the employee, Eduardo P. Chavez, to review the lawfulness of an award and findings of the Industrial Commission of Arizona.

The petitioner was injured in an industrial accident on 16 October 1964. He was prying a rock loose with an iron bar when the rock fell and hit the bar, flipping it so that it hit petitioner in front of his left ear. The blow was sufficient to cause unconsciousness.

The award complained of was issued 15 September 1966. The Commission made one finding, as follows:

"1. Applicant's loss of hearing in his left ear was neither caused, aggravated, or precipitated by the industrial injury of October 16, 1964."

The award allowed accident benefits through 18 October 1964, but denied any responsibility for the effect of, or liability for, the treatment of the loss of hearing in the left ear. This award affirmed the similar award made 2 August 1966.

The petitioner filed a motion for rehearing following the award of 2 August 1966, stating in part:

"2) Request is hereby made for cross-examination of all doctors, witnesses or any other parties who have placed anything in the file that the Commission has considered in rendering its award."

At the hearing of 8 March 1966, following a lengthy introductory statement of facts and conclusions read into the record by the Referee, attorney for the petitioner reserved the right to cross-examine any witnesses whose testimony was presented by the Referee's statement. The statement included a reference to the conclusion of the safety department contained in a letter from Dr. Findlay to the Commission.

Cross-examination of Dr. Blair Saylor at the hearing revealed that he had not taken a history from the petitioner himself, but had relied upon the description of the accident contained in a letter he received from Dr. Findlay, referring the petitioner to Dr. Saylor for examination. That letter contained the following references to an investigation by the employer's "Safety Department":

"At that time I asked the Safety Department at the mine to see if they could find anything further about the accident and the report was that this man was working underground when he was struck on the left side of the head with a steel scaling bar, which is between four and five feet in length. Apparently, as the rock came down and hit one end of the bar and caused the other end of the bar to strike the left side of the head. The patient, himself, was not sure whether the bar hit his hand, or his head and he did not think he had anything particularly serious at the time.

"When we examined the man on 10–21–64 he had considerable redness in both external canals and I thought that his difficulty was probably more due to an infection than to any trauma. The patient was seen again on 10–30–64 at which time the Safety Department reported they were certain this man did not have a blow sufficient to have damaged his eardrum. * * *"

The letter from Dr. Findlay to Dr. Blair Saylor was produced for the first time at the continued hearing on 9 March 1966, was duplicated and placed in the file at that time. Also, Dr. Blair Saylor's testimony at the 9 March 1966 hearing was the first indication to the petitioner that Dr. Saylor had received this letter and had relied upon

its contents rather than taking a history from the petitioner himself. The actual report of the Safety Department does not appear in the file, and there is no direct evidence concerning its preparation, either how it was prepared, or by whom. It is apparent from the record that Dr. Findlay relied upon this report in reaching his medical conclusion that the accident did not cause petitioner's hearing loss. It is apparent from the record that Dr. Blair Saylor relied upon Dr. Findlay's letter and its reference to the Safety Department report in reaching his medical conclusion.

The Commission based its findings and award in part on the testimony of these two doctors, whose testimony, as we have stated, was in turn based upon the report of the Safety Department.

We have ruled that when the Industrial Commission uses evidence, testimony, reports, documents, affidavits or any matter which may appear in the file upon which to base an award, there must be full and complete opportunity on the part of the parties to cross-examine the person or persons giving such evidence, testimony, reports, documents, affidavits or matters. Jones v. Industrial Commission, 1 Ariz.App. 218, 401 P.2d 172 (1965). It does not matter that the report here at issue is not in the file. Petitioner is entitled to a formal hearing to cross-examine those who prepared the report since that report was the basis of testimony and reports which the Commission did use as the basis for its award, and therefore figured in the Commission's determination indirectly.

We have also previously stated that the petitioner is not required to find and bring to the hearing the witness for cross-examination; it is up to the Commission to do so if it intends to use such evidence upon which to base its decision. Avenente v. Smouse, 1 Ariz.App. 24, 398 P.2d 932 (1965).

The petitioner reserved the right to cross-examine witnesses whose testimony was introduced by the Referee's statement at the hearing. Following the award, the petitioner filed a petition for rehearing, which was wrongfully denied by the Commission. The petitioner had no notice that a Safety Department report existed until the date of the continued hearing, 9 March 1966. He could not have made his request for cross-examination prior to 9 March and his petition for rehearing making this request was promptly filed. It is the opinion of this Court that the petitioner is entitled to such formal hearings as may be necessary for the purpose of cross-examination and for the purpose of the introduction of such further evidence as may be necessary within the sound judgment of petitioner's counsel as a result of the facts adduced by such cross-examination.

The award is set aside.

CAMERON, C. J., and STEVENS, J., concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from the consideration of this matter, Superior Court Judge W. E. PATTERSON was called to sit in his stead and participate in the determination of this cause.