477 P.2d 274

Victor Carlyle FUDGE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Watson-Wilson Transportation System, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 332.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 1, 1970.

Gorey & Ely, by Sherman R. Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Arthur B. Parsons, Phoenix, for respondent carrier State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award of the Industrial Commission which held that petitioner suffered a 5% general physical functional disability with no loss of earning capacity as the result thereof.[1] We are called upon to determine whether the evidence reasonably supports the finding of the Commission that petitioner did not suffer a loss of earning capacity from the period of 3 June 1968 to 26 April 1969.

The facts necessary for determination of this matter are as follows. The petitioner was injured in an industrially related accident on 10 June 1967. After extended medical treatment, as well as orders by the Commission requiring that he make a sincere effort to find work, the Commission issued an award of 16 July 1968 which stated in part as follows:

"5. That said applicant is entitled to compensation for total temporary dis-

ability from June 11, 1967 through October 6, 1967 in the sum of $2,560.45; and compensation for partial temporary disability from October 7, 1967 through March 3, 1968 in the sum of $3,011.90, or a total sum of $5,572.35.

"6. That the physical condition of said applicant is now stationary.

"7. That this Commission finds that said applicant has suffered a 5% general physical functional disability as a result of said injury by accident.

"8. This Commission finds that said applicant is capable of performing its regular work and for the period from February 26, 1968 through June 1, 1968 has suffered no loss of earnings so is therefore not entitled to an award under the provisions of A.R.S., Section 23–1044, C & D., 1956."

On 3 July 1968 petitioner first obtained the services of an attorney and a protest of the award was filed, followed by a petition for hearing filed 26 August 1968.

On 30 September 1968 the Commission scheduled a hearing on this petition for 25 June 1969. Hearing was held on 25 June 1969 at which time the petitioner did not appear, he having moved out of state prior to the hearing. His counsel appeared for him and admitted that on 27 April 1969, and prior to the hearing, petitioner had obtained employment and since that date he "has no loss of earning capacity." Petitioner, through his counsel, contended, however, that for the period of 3 June 1968 to 26 April 1969, he was entitled to some compensation from the Commission. Petitioner's attorney asked for permission to present a letter after the hearing from the petitioner which would establish his loss of earning capacity for this period of time. This was denied by the referee but the Commission on 25 July 1969 affirmed the previous award, stating:

"This Commission having reconsidered the file, evidence and testimony, and

---

[1]. This case was decided under the law as it existed prior to 1 January 1969.

letter from said applicant, now enters Decision Upon Hearing and Order Affirming Findings and Award for Unscheduled Permanent Partial Disability as follows:"

█ This Court has previously ruled that documents filed after a formal hearing may not be considered by the referee or the Commission because there has been no right to cross-examine, Avenente v. Smouse, 1 Ariz.App. 24, 398 P.2d 932 (1965), Lewis v. Industrial Commission, 2 Ariz.App. 522, 410 P.2d 144 (1966), Edwards v. Industrial Commission, 3 Ariz. App. 290, 413 P.2d 800 (1966), Chavez v. Industrial Commission, 5 Ariz.App. 294, 425 P.2d 864 (1967). We have stated:

"* * * [M]atters placed in the record after the hearing may not be considered by the Commission in reaching its decision based upon that hearing, absent the consent of all parties to the award. (citations omitted)" Morris v. Industrial Commission, 3 Ariz.App. 393, 396, 414 P.2d 996, 999 (1966).

We would have no difficulty in this case in holding that the respondents had been denied the right to cross-examine concerning the contents of the letter considered by the Commission in arriving at its decision. However, this is not necessary. The Commission has considered the letter tendered by the attorney for the petitioner concerning a loss of earnings during this period of time, and having considered it, has still found that petitioner has suffered no loss of earnings during the period in question. It is therefore immaterial to the petitioner whether the letter arrived in time or not, for it was considered even if untimely filed. The petitioner has not further shown wherein the Commission erred against the petitioner.

█ The award of the Industrial Commission is reasonably supported by the evidence and is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.