495 P.2d 857

**EMPLOYMENT SECURITY COMMIS-SION of Arizona, Appellant,**

v.

**Martin S. MYERS, Appellee.**

**No. 2 CA–CIV 1050.**

Court of Appeals of Arizona, Division 2.

April 13, 1972.

88

Gary K. Nelson, Atty. Gen. by James A. Tucker and Walter B. Brown, Asst. Attys. Gen., Phoenix, for appellant.

Ellsworth C. Triplett, Tucson, for appellee.

KRUCKER, Chief Judge.

Appellant here was the respondent below and is appealing from the judgment of the Superior Court of Pima County, the Honorable Alice Truman presiding.

Appellee here, Martin S. Myers, instituted the action in the court below by timely filing a petition for judicial review of the final decision of the Employment Security Commission, pursuant to A.R.S. § 23–681. His petition alleged that the decision of the Commission affirming the decision of the Appeal Tribunal was contrary to law and was not justified by the admissible evidence.

The decision of the Appeal Tribunal on March 15, 1970, held:

"1. The determination of the deputy is affirmed. The claimant is disqualified from November 16, 1969, through January 3, 1970, with a deduction of six times his weekly benefit amount ($300) from his total award.

2. The employer's experience rating account shall not be subject to charges for benefits paid the claimant after the separation."

The deputy's finding was that:

"The claimant was terminated on November 21, 1969 because he would not comply with safety regulations on the job. He was working in an area that required the wearing of protective helmets. He informed the employer that he could not wear the helmet because it impaired his hearing but has produced no medical evidence that his hearing was, in fact, impaired. Since the claimant's actions were in violation of safety regulations, his actions reflect a wilful disregard of the employer's interests and warrant disqualification under Section 23–775, Paragraph 2, of the Employment Security Law."

Trial was set for May 21, 1970. By motion dated May 14, 1970 respondent sought to dismiss the action for lack of jurisdiction. This motion was denied by Minute Entry dated September 21, 1970.

Petitioner's brief below argued estoppel and denial of due process (the employer's absence denied him the right to cross examine and the attorney's fee set by the Commission Regulation is so unreasonably low as to deny effective representation).

Respondent's brief maintained that the discharge of petitioner was for misconduct, that the Commission's decision was not based on hearsay, that the employer's presence at the hearing was not necessary and that the limitation on attorney's fee was not unconstitutional, and lack of jurisdiction was again raised.

A formal Judgment by the court, entered May 3, 1970, found (1) that the decision of the Employment Security Commission "is unsupported by competent, material and substantial evidence" and (2) that the claimant was denied due process of law by Commission Regulation 20–2 paragraph 5(c), which limits the fee an attorney may charge for such an appearance before the appellate tribunal to $35.00, and reversed the Commission's decision.

The Commission in its appeal before this court contends:

1. The Commission's decision is supported by the evidence before it and is not arbitrary and capricious.

2. The Commission Regulation limiting an attorney's fee did not deny due process of law to the petitioner.

3. The lower court did not have jurisdiction because Petitioner failed to

join an indispensable party (Petitioner's employer).

Judicial review of Commission decisions pursuant to A.R.S. § 23–681, subsec. C is "confined to the record" made before the commission. The relevant facts, as found by the commission and set forth in its decision, are as follows. Petitioner has worked since 1953 as a member of the teamsters' union. On November 6, 1969, the union dispatcher referred him to the Sundt Construction Company for employment. At the time of the union referral nothing was said concerning any requirement that a "hard hat" be worn. Petitioner had never told the union of his inability to wear one. He reported for work and worked several days before being issued a "hard hat" and being told that he would be expected to wear it because of a safety clause in the contracts. He informed them at that time that he couldn't wear the protective helmet because it gave him a headache, impaired his hearing, and irritated an old scar. Though this condition had existed for a number of years, he had sought no medical treatment. After being informed of the requirement, he filed no grievance with the union. Petitioner worked two more days before being discharged for the sole reason that he was not wearing the helmet.

## THE COMMISSION'S DECISION

A.R.S. § 23–775 provides that:

"An individual shall be disqualified for benefits:

\*    \*    \*    \*    \*    \*

"2. For the week in which he has been discharged for misconduct connected with his work, if so found by the commission, and in addition to the waiting week, för the six weeks which immediately follow such week, and his maximum benefit amount shall be reduced by an amount equivalent to six times his weekly benefit amount."

Misconduct is not defined by the statute. 48 Am.Jur. at 541 defines:

"Misconduct Precluding Payment of Unemployment Insurance as . . . an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee. . . ."

*See also,* 27 Words and Phrases at 492; Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941).

By appellee's own testimony before the Commission, he intentionally violated the safety rule requiring that employees wear hard hats. He was aware of the requirement and the safety clause and continued working without wearing his protective helmet. As we understand it, appellee had no argument with the requirement and did not question his dismissal because he couldn't comply with the requirement. He was not aggrieved by these actions so he did not consider filing a grievance with the union.

Appellee's grievance is with the Commission's interpretation of his actions as "misconduct" so as to disqualify him from six weeks benefits. He argues that had the union dispatcher informed him initially of the hard hat requirement, he would have refused the employment and continued drawing his unemployment until suitable work became available. But he admits that the union had not been informed of his disability and that the hard hat requirement was not unusual in the construction industry. Appellee had been a member of the teamsters' union for 15 years and had worked on numerous jobs which did not require the wearing of a helmet. However, we see no reason for the union dispatcher to have brought this not unusual requirement to appellee's attention. While appellee was not immediately informed by his employer of the requirement, he was subsequently so informed and issued a helmet. Thereafter, he continued working without the helmet and was discharged for this reason.

■ While appellee's disregard of the requirement, in his own mind might have been of little significance, we find that the record indicates sufficient evidence to support the Commission's finding of appellee's misconduct as the cause of his unemployment and this court has no power to disturb the Commission's finding. Beaman v. Safeway Stores, 78 Ariz. 195, 277 P.2d 1010 (1954); Beaman v. Bench, 75 Ariz. 345, 256 P.2d 721 (1953).

■ Appellee contends that the Commission's decision is invalid because hearsay evidence was admitted. The procedural statute regarding the admission of evidence, A.R.S. § 23-674, subsec. B provides that:

"The commission may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs."

This statute is representative of the procedural law of many administrative agencies where the question is not one of the admissibility of hearsay evidence but rather one of the probative value to be given to the evidence. Annot., 36 A.L.R.3d 12; 2 Davis, Administrative Law § 14.08 et seq. Hearsay evidence may also be admitted in hearings before the State Industrial Commission. Phelps Dodge Corp. v. Ford, 68 Ariz. 190, 203 P.2d 633 (1949). Assuming *arguendo* that it was error to introduce hearsay, we find no error since the appellant admitted all the material testimony that was alleged to be hearsay.

## LIMITING ATTORNEY'S FEES

■ A.R.S. § 23-642, subsec. A grants the Commission power to make rules and regulations. Pursuant to this statute, the Commission adopted Regulation 20-2(5)(C), which limits the fee an attorney may charge for appearance before the Commission Appellate Tribunal to $35. That a statute may limit the fee to be charged by an attorney is generally accepted. Annot., 7 Am.Jur.2d § 252. A similar statute limiting an attorney's fee in appearances before

the Employment Security Commission was recently upheld in Mississippi Employment Security Com'n v. Wilks, 247 Miss. 727, 156 So.2d 583 (1963). In *Wilks,* the Mississippi Court discussed various statutes limiting the fees to be paid to attorneys and the reasons for their being upheld. We believe the fee limitation before us to be valid and the fee, though low by the usual hourly rates charged by attorneys, not so unreasonable as to constitute a violation of due process.

## JURISDICTION

■ A.R.S. § 23-681, subsec. B provides that:

"Proceedings for review shall be instituted by filing a petition for review in the superior court within thirty days after service of the final decision of the commission. Copies of the petition shall be served upon the commission and all other parties of record."

We find no statutory requirement here that the employer be a defendant in the judicial review. The record indicates an affidavit of service of the petition for review upon the employer which evidences compliance with this statute. The purpose of the statute seems to be to insure notice to the employer so that an opportunity for appearance is available to him but his appearance is not compelled.

■ Appellant contends that A.R.S. § 12-908 requires that the employer be named a defendant for the superior court to have jurisdiction. A.R.S. § 12-902, defining the scope of that article, specifically excepts decisions by the State Department of Public Welfare and other agencies where a specific statute provides for judicial review. The superior court had jurisdiction to hear this action.

For the reasons stated above, the judgment of the superior court is reversed and the decision of the Commission is reinstated.

HATHAWAY and HOWARD, JJ., concur.