618 P.2d 637

Beverley KANE, Plaintiff-Appellant,

v.

ARIZONA DEPARTMENT OF
ECONOMIC SECURITY,
Defendant-Appellee.

No. 1 CA-UB 033.

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 14, 1980.

Beverley Kane, in pro. per.

Robert K. Corbin, Atty. Gen. by David Rich, Asst. Atty. Gen., Phoenix, for defendant-appellee.

## OPINION

OGG, Chief Judge.

Appellant brings this appeal to challenge a determination by the Unemployment Insurance Appeals Board of the Arizona Department of Economic Security that she was not entitled to unemployment benefits while attending college on a summer furlough from her regular employment. We find that the evidence reasonably supports the resolution of the matter by the agency and affirm the appeal.

Appellant Beverley Kane is a teacher employed by the federal government in Sells, Arizona. In the summer of 1979 she obtained a furlough from her employment in order to attend college in Texas. While in Texas, and while attending her college classes, appellant filed an interstate claim for unemployment insurance benefits. The determination of the deputy in the matter was entered on December 7, 1979. The deputy determined that appellant was not eligible for benefits for the summer time period because she was not available for work as required by A.R.S. § 23–771(3).

Appellant appealed the deputy's determination to an appeal tribunal of the Arizona Department of Economic Security. The tribunal determined that due to her college class schedule, her failure to seek work until the latter part of the summer, and the temporary nature of her stay in Texas for the summer classes, appellant was not available for employment during that time and was therefore ineligible for unemployment insurance benefits. Based on those findings, the appeal tribunal affirmed the decision of the deputy regarding appellant's claim for benefits.

Appellant timely appealed her case to the Unemployment Insurance Appeals Board. The Board in its decision entered January 21, 1980 affirmed the decision of the appeal tribunal. Appellant then filed her notice of appeal bringing the matter before this Court pursuant to A.R.S. § 41–1993.

A.R.S. § 23–771(3) provides:

An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:

\*      \*      \*      .\*      \*      \*

**144**

3. Is able to work, and is available for work.

This Court does not sit as a trier of fact but will uphold the decision of the Unemployment Insurance Appeals Board if supported by any reasonable interpretation of the evidence. *See generally, Slonim v. Arizona Department of Economic Security,* 126 Ariz. 201, 613 P.2d 865 (Ariz.App.1980).

■ The question of whether a claimant is available for work involves a consideration of numerous factors and each case must be viewed on its own facts. *Employment Security Commission v. Doughty,* 13 Ariz.App. 494, 478 P.2d 109 (1970).

Some of the factors that the Arizona Department of Economic Security, as an agency, considers in making a determination regarding availability for employment can be found in the rules and regulations promulgated by that agency. Some of the factors that appear to be applicable to appellant's case include the reason for the change of location; the restriction on working hours availability; whether there was bona fide entry into the regular labor market; and the length of anticipated stay in the new location. *See,* A.C.R.R. R6–3–52150.B.1 and R6–3–52285.

■ We have thoroughly reviewed the record in the case before us and find that the evidence viewed with many of these factors in mind reasonably supports the determination of the agency that while appellant was attending college during her summer furlough, she was not available for employment. All of the facts viewed together, including her college schedule, her reason for changing the locale in order to attend summer classes, and the remainder of the evidence shows that appellant was not "genuinely attached to the labor market" and that the determination that she was ineligible for unemployment benefits was not arbitrary or capricious. *See Employment Security Commission v. Kosic,* 106 Ariz. 379, 476 P.2d 834 (1970).

Based on the foregoing, the decision of the Unemployment Insurance Appeals Board in the above entitled matter is affirmed.

DONOFRIO and O'CONNOR, JJ., concur.