626 P.2d 137

**Kee Y. BEGAY, Plaintiff-Appellant,**

v.

**The ARIZONA DEPARTMENT OF ECO-NOMIC SECURITY, an agency, and Gilawest Constructors, Inc., Defendants-Appellees.**

**1 CA–UB 071.**

Court of Appeals of Arizona,
Division 1,
Department C.

Jan. 20, 1981.

Rehearing Denied March 10, 1981.

Review Denied April 7, 1981.

DNA-People's Legal Services, Inc. by John MacKinnon, Tuba City, for plaintiff-appellant.

Robert K. Corbin, Arizona Atty. Gen. by J. David Rich, Asst. Atty. Gen., Phoenix, for defendants-appellees.

## OPINION

YALE McFATE, Judge (Retired).

This is an appeal from a decision of the unemployment insurance appeals board of the Arizona Department of Economic Security. We have jurisdiction pursuant to A.R.S. § 41–1993.

Appellant Kee Y. Begay was employed in Chandler, Arizona as a cement finisher for Gilawest Constructors, Inc. for a period of six weeks. On October 31, 1979, he arranged with his employer to take time off from work from November 1 through November 4, 1979. October 31 was also a scheduled payday and appellant was given a check for $407, his wages due through October 28.

Appellant did not return to work on November 5 as scheduled. Instead, he applied for unemployment benefits on November 2, 1979. A deputy of the Arizona Department of Economic Security conducted an eligibility investigation, and concluded that the appellant was disqualified for benefits under A.R.S. § 23–775, which reads in material part as follows:

A.R.S. § 23–775. *Disqualification from benefits.*

An individual shall be disqualified for benefits:

1. For the week in which he has left work voluntarily without good cause in connection with the employment, and in addition to the waiting week, for the duration of his unemployment and until he has earned wages in an amount equivalent to five times his weekly benefit amount otherwise payable.

Appellant requested review by the appeal tribunal of the Arizona Department of Economic Security, and pursuant to that request a hearing was held on January 10, 1980. That tribunal upheld the deputy's decision. Appellant then requested review by the unemployment insurance appeals board. The appeals board affirmed the decision of the tribunal, and adopted the tribunal's findings of fact, conclusions of law and reasons as its own. This appeal followed.

Throughout the proceedings below it has been the appellant's steadfast contention that he quit his job because his paycheck of October 31, 1979 had been drawn on insufficient funds, and since there had been similar problems with two prior paychecks, he felt he could no longer rely on them.

The "Reasoning and Conclusions of Law" set forth in the opinion of the appeal tribunal and adopted by the appeals board reads as follows:

> The evidence shows the claimant obtained leave from his job and later decided not to return to work. Although he may have experienced difficulties cashing his last paycheck due to insufficient funds, the employer immediately paid him in cash. *His previous delays were apparently due to his inability to get to a bank after working hours. Since it has not been shown the claimant was repeatedly paid with checks drawn on insufficient funds,* his leaving was voluntary and without good cause connected with the work. (emphasis added)

Under A.R.S. § 23–775 an individual is disqualified from unemployment benefits if he voluntarily leaves work without good cause in connection with the employment. It is undisputed here that appellant voluntarily quit. The issue, then, is whether appellant quit for good cause in connection with the employment.

■ On appeal, this court views the evidence in a light most favorable to upholding the decision of the appeals board and will affirm that decision if it is supported by any reasonable interpretation of the record. *Kane v. Arizona Department of Economic Security,* 127 Ariz. 143, 618 P.2d 637 (filed 1980). The agency's legal conclusions, however, are not binding on this court, and we are free to make an independent determination on such questions. *See Phelps Dodge Corporation v. Arizona Department of Economic Security,* 125 Ariz. 342, 609 P.2d 612 (App.1980).

The department's regulations (A.C.R.R. R6–3–50500) state in part:

C.   Failure or refusal to pay

.    .    .    .    .

2.   A worker has the right to receive his wage in the proper amount and when due. It would be unreasonable to expect him to continue working unless he is reasonably certain of being paid for his services. Thus a claimant would leave with good cause connected with his work; when:

a.   The employer is repeatedly late paying his wages;

b.   The claimant is repeatedly paid with checks drawn on insufficient funds even if restitution is made.

3.   Isolated instances of late payment of wages, or payment of wages with a bad check when prompt restitution is made will not establish good cause for leaving.

Appellant was the only witness called at the hearing. His uncontradicted testimony substantially supported the position that he had been repeatedly paid with bad checks. He testified to at least three such occasions within a six week period. In addition, appellant produced a paycheck from his employer which appellant had picked up on January 8, 1980. The check related to wages due, earned by the appellant on October 29, 30 and 31, 1979. The check was postdated to January 11, 1980, the day after the hearing. Appellant testified that his employer stated the check was postdated due to insufficient funds to cover the check on the date it was delivered.

As noted above, the board found that the difficulties which appellant experienced in cashing his checks were "apparently due to his inability to get to a bank after working hours," and consequently he failed to show that he was repeatedly paid with checks drawn on insufficient funds. The only evidence in the record which supports the board's findings in this respect is a deputy's report containing a somewhat garbled summary of a telephone conversation on December 3, 1979 between the deputy and the bookkeeper of the employer.[1] The bookkeeper was not under oath, nor is there any indication that she spoke from personal knowledge, particularly with regard to her assertions as to why appellant had trouble cashing his prior checks. Indeed, the source of her information is not divulged. Also, the statements are quite obviously favorable to her employer.

A.R.S. § 23–674(B) provides in part:

The tribunal and the appeals board may admit and give probative effect to evidence which *possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs.* (emphasis added)

That section also provides:

Each party shall have the right of cross-examination of the witnesses who testify and shall have the right to submit rebuttal evidence.

The question on this appeal, then, is whether the deputy's report, which contains hearsay on hearsay and serves the interests of the declarant's employer, possesses "probative value commonly accepted by reasonably prudent persons in the conduct of their affairs." Under the circumstances here involved, we think it does not.

■   It is clear in Arizona that hearsay is admissible in administrative proceedings, and that it may, in proper circumstances, be given probative weight. *Employment Security Commission v. Myers*, 17 Ariz.App. 87, 495 P.2d 857 (1972). It also appears that

1.   *The entire summary, quoted verbatim, reads as follows:*

Faye Loveless, Book Keeper of Gilawest Constructors, stated the clt probably quit because he had to driver quite a ways. Clt's last day of work was Oct. 31, 1979. Clt had a hard time cashing his checks because no one knew him and he could his check late (after working hours). Clt had a 40 hours work week. ER had sufficient funds to run the business. ER has about 30 men for them. They have been in business for 8 years. Clt would have been laid off but clt had enough work available to work full time. Clt had not been paid all his money because he was not laid off. Clt's time went in and he will be paid all that is due him.

in some circumstances hearsay may properly be the sole support of an administrative decision. *Reynolds Metals Co. v. Industrial Commission*, 98 Ariz. 97, 402 P.2d 414 (1965); *but see, Simpkins v. State Banking Department*, 45 Ariz. 186, 42 P.2d 47 (1935). Such circumstances, however, do not exist in this case. The court in *Reynolds, supra*, noted:

> The rule which we restate does not authorize the unrestricted use of all types of tale bearing as the exclusive basis for an award.

> \* \* \* \* \* \*

> The Industrial Commission may rely on hearsay where it is of the kind on which reasonable men are accustomed to rely in serious affairs. Awards must have a basis in evidence "having rational probative force." (citations omitted) 98 Ariz. at 102, 103, 402 P.2d at 417, 418.

In *Reynolds* it appears that the commission relied on hearsay because no better evidence was available. The declarant was dead. Furthermore, it should be noted that the statements relied upon by the commission in that case would now be admissible in courts of law under the present rules of evidence as exceptions to the hearsay rule. *See* Arizona Rules of Evidence, rule 803(1), (3) and (4).

In *Avenente v. Smouse*, 1 Ariz.App. 24, 398 P.2d 932 (1965), the court refused to uphold an Industrial Commission award where that award was based on hearsay. The commission had allowed into evidence an undated, unsworn letter of the claimant's husband, and was not then willing to call the husband to permit cross-examination by the employer's attorney. The court, quoting *Interstate Commerce Commission v. Baltimore, etc. R. R.*, 226 U.S. 14, 33 S.Ct. 5, 57 L.Ed. 104 (1912), noted:

> But the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules of evidence by which rights are asserted or defended. . . .

> . . . All parties must be fully appraised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, to inspect documents, and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense.

*Avenente, supra*, 1 Ariz.App. at 27, 398 P.2d at 935.

Appellant calls attention to the fact that he was at no time informed of the substantive content of the deputy's report. When admitting the document to the record, the administrative law judge merely stated:

> This one shows that the deputy contacted the employer and the deputy [sic] on December 13, 1979 concerning additional information pertaining to the separation, that will be Exhibit No. 8.[2]

Although appellant had the right to examine the document as part of the file, it is clear from the transcript that he was not made aware that he had such right. The document was not presented to him for comment or examination. Arguably, appellant was not afforded an adequate opportunity to specifically rebut the content of that report as provided for in A.R.S. § 23–674, albeit his sworn testimony inferentially contradicts the hearsay document. However, we need not base our decision on that ground.

Although the agency may disregard the testimony of an interested party, it may not arbitrarily disregard the only reasonable inference which can be drawn from the uncontradicted testimony in a particular case. *Gomez v. Industrial Commission*, 72 Ariz. 265, 233 P.2d 827 (1951); *Wiggins v. Pratt-Gilbert Hardware Co.*, 48 Ariz. 375, 62 P.2d 124 (1936). Here, the uncontradicted testimony of the appellant was that he had been paid on at least three occasions within six weeks with checks drawn on insufficient funds. There has been no showing that the employer was unavailable to testify. Indeed, the administrative law judge repeatedly told the appel-

---

2. The date referred to by the administrative law judge (December 13, 1979) does not correspond with the date shown on the document (December 3, 1979).

lant that the employer would be called to testify "if necessary." Furthermore, it is the agency's responsibility to adequately verify or rebut the claimant's statement. A.C.R.R. R6–3–50385. The *Avenente* court stated:

> It is up to the Industrial Commission to provide the proper safeguards for the introduction of evidence, and receiving of testimony in its hearings. *It is not up to the petitioner to find and bring to the hearing the witness for cross examination, it is up to the Commission to do so if it intends to use such evidence upon which to base its decision.* (emphasis added) *Id.*, 1 Ariz.App. at 26, 398 P.2d at 934.

We find that proper evidentiary safeguards have not been provided here. The report relied upon, under the circumstances here presented, is simply not evidence "which possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs," as is required by A.R.S. § 23–674.

Reversed and remanded to the Department of Economic Security for further proceedings in conformity with this decision.

OGG and O'CONNOR, JJ., concur.