672 P.2d 989

**Joseph W. MAZZA, Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency, Appellee.**

**Nos. 1 CA–UB 331, 1 CA–UB 326.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 17, 1983.

Joseph W. Mazza, in pro per.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee.

OPINION

OGG, Judge.

The issue we must decide in this appeal is whether the Department of Economic Security (DES) Appeals Board's finding that appellant was unavailable for work is supported by the record, or whether the Board acted arbitrarily, capriciously, or abused its discretion in reaching its decision. For the reasons set forth below, we find the record amply supports the Board's decision and affirm.

Appellant was employed as an electrician for approximately ten years. His most recent employment was with Bechtel Power Company at the Palo Verde nuclear power plant. In January, 1982, appellant's employment terminated. Later that month he enrolled at Pima College as a part-time night student. In June, 1982, appellant entered the summer school session at Pima College, enrolled as a full-time student. Appellant attended classes four days per week, Monday through Thursday, from 8:00 a.m. to 12:00 noon. Appellant testified that he planned to attend the University of Arizona, on a three-quarter or full-time basis, during the fall, 1982 semester in pursuit of a degree in electrical engineering.

Appellant had been registered on the out-of-work list of the International Brotherhood of Electrical Workers Union since the termination of his job with Bechtel. The union dispatch hours were from 3:00 p.m. to 4:30 p.m., Monday through Friday. During that time either appellant or a relative was available to receive telephone calls. Appellant maintained he would quit school if a full-time job became available.

In June, 1982, appellant filed two separate claims for unemployment insurance

benefits. The first claim listed an effective date of January 17, 1982; the second, June 20, 1982. A DES deputy considered both claims and concluded that appellant was not entitled to unemployment insurance benefits from June 6, 1982 forward, this being the date appellant became registered as a full-time student at Pima College. Appellant timely appealed the deputy's determination to a DES Appeal Tribunal. The Tribunal held a hearing and affirmed the deputy's determination. Appellant then filed a petition for review of the Tribunal's decision. On November 12, 1982, the Unemployment Insurance Appeals Board affirmed the Tribunal's decision. After the Appeals Board affirmed its decision upon review, appellant timely filed an application for appeal to this court, which we subsequently granted.

At the outset we note that two claim periods are being considered in this appeal—the first from June 6, 1982 to June 19, 1982, the second from June 20, 1982 to August 7, 1982. In his brief appellant alleges that he is due compensation from May, 1982 through January, 1983, a total of thirty-two weeks. We address only appellant's eligibility from June 6, 1982 to August 7, 1982.

The DES deputy denied appellant's claims because he concluded appellant was not available for work as required by A.R.S. § 23–771(A)(3)[1]. More specifically the deputy concluded that appellant's status as a full-time student removed him from the active labor force.

The Appeals Board noted that appellant's union registration satisfied the requirements of A.C.R.R. R6–3–52160(A), which pertain to a claimant's efforts to secure employment or his willingness to work.[2] However, the Appeals Board upheld the determination of the deputy and the decision of the Appeal Tribunal that appellant's full-time student status disqualified him from receiving benefits.

A.R.S. § 23–771(A)(3) requires a claimant to be "... available for work." A.C.R.R. R6–3–1805 reads as follows:

Availability of students

A. The availability of students, except for students in approved training in accordance with A.R.S. § 23–771.01 and Regulation R6–3–1809, shall be determined in accordance with A.R.S. § 23–771 and the provisions of this Regulation.

B. An individual shall be *presumed to be unavailable for work* for any week of unemployment if such individual is a *student;* provided, however, that such presumption may be rebutted upon a showing to the satisfaction of the Department that *such individual was, in fact, available for work.* For purposes of this Regulation, a student is an individual who is registered for *full-time attendance* at, and regularly attending an established school, college or university, or similar educational institutions, or who has so attended during the most recent regular term.

C. A determination that an individual is a student may be *rebutted* by a *substantial showing that the individual will not return to school during the next regu-*

---

1. A.R.S. § 23–771 provides in pertinent part:
   An unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that the individual:
   * * * * * *
   3. Is able to work, and is available for work.

2. A.C.R.R. R6–3–52160 provides in pertinent part:
   Effort to secure employment or willingness to work (Able and Available 160.)
   A. Application for work (Able and Available 160.1)
   1. In order to maintain continuing eligibility for unemployment insurance a claimant shall be required to show that, in addition to regis-

tering for work, he has followed a course of action which is reasonably designed to result in his prompt reemployment in suitable work. Consideration shall be given to the customary *methods of obtaining work* in his usual occupation or for which he is reasonably suited, and the current condition of the labor market. Subject to the foregoing, the following actions by a claimant either singular or in combination may be considered a reasonable effort to seek work.
   a. *Registering and continuing active check-*ing with the claimant's union hiring or placement facility.

lar term. The following may be accepted as evidence of termination of student status: graduation, discontinuance before end of term, failure to commence the next regular term.

D. For purposes of this Regulation, the definition of full-time attendance as used by the institution last attended shall apply. (emphasis added)

This rule establishes a rebuttable presumption that a full-time student is unavailable for work. The rule further provides that the presumption may be overcome upon a showing, to the satisfaction of DES, that an individual is in fact available for work. The rule also provides that the determination that an individual is a student may be overcome by a "substantial showing that the individual will not return to school during the next regular term." A.C.R.R. R6–3–1805(C). Appellant admits that he intended to attend the University of Arizona on a three-quarter or full-time basis, hence he has not rebutted the presumption that he is a student.

A.C.R.R. R6–3–5240 specifically provides the only means by which a full-time student may overcome the presumption of unavailability and reads in pertinent part:

Attendance at school or training course (Able and Available 40.)

A. Department Regulation R6–3–1805 provides in part:

"An individual shall be presumed to be unavailable for work for any week of unemployment if such individual is a student; provided, however, that such presumption may be rebutted upon a showing to the satisfaction of the Department that such individual was, in fact, available for work . . ."

1. Full-time attendance at an educational institution creates a presumption that a claimant is unavailable for work. A claimant who is attending, or during the most recent regular term has attended, an educational institution *on a full-time basis,* is considered a "student" and presumed unavailable for work. This presumption may be *rebutted* if the claimant has not, in order to attend

school, left suitable full-time work, refused suitable full-time work, or reduced his hours to part-time work and has *established a sufficient pattern of concurrent, full-time work and full-time school attendance during the nine months preceding his new or additional claim* to show that school attendance will not in itself interrupt full-time employment.

2. A full-time student can *remove* the presumption that he is not available for work *only* by having established a *definite pattern of regular, full-time work during regular school terms and vacation periods,* showing that school attendance will not in itself interrupt full-time employment. This does not apply to individuals who only attend night school, or to individuals who have a *history of full-time employment during hours other than the hours they are attending, or during the most recent regular term have attended classes at an educational institution.* Their availability should be tested by the same criteria applied to an individual who is attending school on a part-time basis. (emphasis added)

■ Appellant failed to rebut the presumption as provided in subsection (A)(1), since he did not establish a sufficient pattern of concurrent, full-time work and full-time school attendance during the nine months preceding his claims. Appellant clearly did not attend school on a full-time basis while working full-time.

Likewise appellant failed to remove the presumption as provided in subsection (A)(2). The record clearly supports the Appeals Board's finding that appellant has failed to establish a definite pattern of regular, full-time work during regular school terms and vacation periods. As noted above, appellant has not worked while attending school on a full-time basis. Appellant clearly cannot make the requisite showing that school attendance will not in itself interrupt full-time employment. Appellant also fails to present a history of full-time work during hours other than the hours he was attending classes. The Appeals Board could conclude that appellant

failed to establish a "history" when only twenty percent of his full-time work in 1981 was other than day shift.

On appeal, this court views the evidence in a light most favorable to upholding the decision of the Appeals Board and will affirm that decision if it is supported by any reasonable interpretation of the record. *Warehouse Indemnity v. Arizona Department of Economic Security,* 128 Ariz. 504, 627 P.2d 235 (App.1981); *Kane v. Arizona Department of Economic Security,* 127 Ariz. 143, 618 P.2d 637 (App.1980). The record amply supports the Appeals Board's conclusion that appellant was not available for work as provided under the DES regulations.

Affirmed.

CONTRERAS, P.J., and FROEB, J., concur.