[Civil No. 2706. Filed May 14, 1928.]

[267 Pac. 415.]

ANNA L. HOOKWAY and W. J. HOOKWAY, Her Husband, and MERCHANTS & STOCKGROWERS BANK, a Corporation, Appellants, v. A. T. HAMMONS, Superintendent of Banks of the State of Arizona, and Ex-officio Receiver and in Charge of the BANK OF WINSLOW, an Insolvent Corporation, Appellee.

Mr. Levi S. Udall, Mr. Gilbert E. Greer and Mr. Luther P. Spalding, for Appellants.

Mr. Sidney Sapp and Mr. Joseph H. White, for Appellee.

ROSS, C. J.—This is an equitable action to set aside a deed from the Merchants and Stockgrowers Bank to Anna L. Hookway, of certain property on the grounds of fraud. The action was brought by

the state superintendent of banks in his official capacity and as receiver of the Bank of Winslow, an insolvent. The complaint was filed June 15th, 1926, and, in substance, alleged: That plaintiff had theretofore commenced an action against the Merchants & Stockgrowers Bank to recover from it, on its promissory note given to the Bank of Winslow, the sum of $274,072.69, with interest at seven per cent per annum from June 30th, 1924; that, subsequent to the commencement of said action, the Merchants & Stockgrowers Bank had conveyed by deed to Anna L. Hookway certain real property, setting out the facts of such conveyance, which, if true, clearly show fraud.

The prayer is that the conveyance be canceled and declared void; that defendants be enjoined from disposing of or encumbering the property; that said property be held subject to any judgment rendered, and for equitable relief.

The defendants filed general and special demurrers, and also answered. The demurrers were overruled. The case was tried to the court, and resulted in a judgment for plaintiff. The defendants have appealed, and assign the ruling of the court on their general demurrer, among other rulings, as error.

If, upon the mere claim that he is a creditor and in another action is seeking to reduce his claim to judgment, one may maintain a suit to have a conveyance by the debtor set aside and canceled for fraud, then the court properly overruled the general demurrer; otherwise it should have been sustained. While under our procedure the relief here sought may be had in an action to recover on the debt, we think it has been definitely decided that it is dependent upon and follows the judgment; it cannot precede it.

After a careful review of the authorities, in *First National Bank* v. *McDonough,* 19 Ariz. 223, 168 Pac.

635, this court, speaking through Mr. Chief Justice FRANKLIN, said:

"However, when the last word has been said in such a matter, the paramount circumstance will still remain that the simple contract creditor must establish his claim before relief will be given to him as against an alleged fraudulent conveyance by his debtor. He must sue for and recover his debt, and while he may do this in the very same action in which he also attacks a conveyance of his debtor for fraud, nevertheless if in that action he fails to establish his claim—fails to establish his status as a creditor—his attack upon the alleged fraudulent conveyance made to defeat his rights as a creditor must necessarily fail. Though it is not a condition precedent to the bringing of this sort of an action, the establishment of the legal demand in the action is a condition precedent to the granting of the equitable relief asked."

Plaintiff did not seek to have its debt reduced to judgment in this case, but, apparently, proceeded upon the theory that, because it had theretofore brought an action for that purpose, it could in this action secure the equitable relief, whether its debt was reduced to judgment or not. We have not found, and counsel has not pointed out to us, any case that will sustain such a position.

We do not think the complaint stated facts sufficient to constitute a cause of action, and it follows that the court erred in overruling the general demurrer.

The judgment is reversed, and the cause remanded, with the direction that the general demurrer be sustained.

LOCKWOOD and McALISTER, JJ., concur.