655 P.2d 363

**A.J. BAYLESS MARKETS, INC.,**
Petitioner Employer,

Aetna Insurance Company, Petitioner
Carrier,

v.

The INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,

Beatrice M. Welsh, Respondent
Employee.

No. 1 CA–IC 2498.

Court of Appeals of Arizona,
Division 1, Department C.

Sept. 30, 1982.
Rehearing Denied Nov. 10, 1982.
Review Denied Dec. 14, 1982.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A. by Donald L. Cross and Larry L. Smith, Phoenix, for petitioner employer and petitioner carrier.

Tretschok, McNamara & Clymer, P.C. by Dale D. Tretschok, Tucson, for respondent employee.

James A. Overholt, Acting Chief Counsel, Phoenix, for respondent The Industrial Com'n of Arizona.

## OPINION

HAIRE, Judge.

In this review of an award entered by the respondent Commission, the petitioners contend (1) that they were denied the right to cross-examine the authors of a medical report submitted pursuant to A.R.S. § 23–901.03 [1] and (2) that there is no foundation for the medical opinion that claimant's condition is causally related to her employment. We hold that petitioners waived their right to cross-examine the authors of the medical report and that there is sufficient foundation for the medical opinion. The award is therefore affirmed.

Claimant filed a claim for workmen's compensation benefits in April 1979 alleging that she suffered from what is commonly referred to as "meat wrappers' asthma", and that the condition was causally related to her employment.[2] The claim was denied by the carrier and hearings were held at the request of the claimant. Immediately prior to the closing of the formal hearings, claimant requested that a committee of doctors be appointed pursuant to A.R.S. § 23–901.-03. The administrative law judge did not rule on the request at that time, but on June 5, 1980, the Commission advised the parties that such a group consultation had been arranged. Claimant was seen by the doctors on June 11, 1980, and the committee filed a report with the Commission on June 25, 1980. Copies were sent on June 26, 1980 to the attorneys of record for each party. Thereafter, on July 21, 1980, the administrative law judge issued an award for a compensable claim.

The petitioners contend that they were improperly denied the right to cross-examine the authors of the medical report. It is not disputed that the carrier had the right to cross-examine the authors of the report;

1. This statute provides in part:
   "§ 23–901.03. Appointment of committee of medical consultants for claims; qualifications, powers, duties and compensation
   "A. For each case submitted by a claimant for compensation the commission may, or if requested by an interested party shall, appoint a committee of expert consultants on occupational diseases,
   \* \* \* \* \* \*
   "D. After filing a claim for compensation under this chapter for an occupational disease, the commission may, or if requested by an interested party shall, direct an examination of and report upon the claimant by the committee of expert consultants, or one of them, including such x-ray and other pathological examinations and tests as in their opinion may be necessary for the purpose of determining diagnosis, disablement, causal relation to the employment and the nature and type of medical treatment, hospitalization and other care required. If the claim is not controverted as to any medical fact, the examination and report of one member of the committee shall be deemed the examination and report of the committee. If the claim is controverted as to any medical fact, the report shall be made by the full committee

after a physical examination by at least one member thereof. The findings and opinions of a majority of the committee shall constitute the findings and opinion of the committee. The contents of the report of the committee when placed in the record shall constitute prima facie evidence of fact as to the matter contained therein. The committee or any member thereof making the report shall be subject to examination upon demand of any interested party. Copies of the report shall be sent to all parties interested."

2. Concerning the compensability of claims for "meat wrapper's asthma", see Hunter v. Industrial Commission, 130 Ariz. 59, 633 P.2d 1052 (App.1981), and Matter of the Compensation of Bracke, 51 Or.App. 627, 626 P.2d 918 (1981). No contention is urged in this review concerning the applicability of Arizona's occupational disease compensation statutes to this asthmatic claim. See Phoenix Pest Control v. Industrial Commission, 134 Ariz. 215, 655 P.2d 39 (1982), for a detailed discussion of the development of Arizona's statutory scheme relating to occupational disease compensation.

A.R.S. § 23–901.03(D) provides that "[t]he committee or any member thereof making the report shall be subject to examination upon demand of any interested party." Petitioners' argument is that since there are no procedural rules or statutory provisions pertaining to reports submitted *after* the last hearing, they had no notice of the time in which an objection must be made or cross-examination requested.

We must begin with the premise that the right to cross-examination is fundamental. Whenever the Commission receives any kind of evidence, either in testamentary or documentary form, there must be full and complete opportunity to cross-examine the person or persons giving such evidence. *Scheytt v. Industrial Commission,* 134 Ariz. 25, 653 P.2d 375 (1982); *Chavez v. Industrial Commission,* 5 Ariz. App. 294, 425 P.2d 864 (1967); *Avenente v. Smouse,* 1 Ariz.App. 24, 398 P.2d 932 (1965). Nonetheless, this right can be waived. *Cash v. Industrial Commission,* 27 Ariz.App. 526, 556 P.2d 827 (1976); *Davis v. Industrial Commission,* 103 Ariz. 114, 437 P.2d 647 (1968). Although we agree with petitioners that a waiver of a right cannot be established without a clear showing of an intent to relinquish such right and that doubtful cases will be decided against waiver, *see Jones v. Industrial Commission,* 1 Ariz.App. 218, 401 P.2d 172 (1965), for the reasons set forth hereinafter, we hold that in this case, petitioners made such a waiver of their right to cross-examine.

Petitioners timely received a copy of the notice of medical appointment as well as a copy of the committee's report. Petitioners have not shown any reason for them to have believed that the report would not be considered by the administrative law judge in reaching his decision. A.R.S. § 23–901.03(D) expressly provides that the report "when placed in the record shall constitute prima facie evidence" of the matters contained therein. Furthermore, A.R.S. § 23–942(A) provides that the administrative law judge must issue the award within thirty days after the matter is submitted. Since the administrative law judge had

nothing further pending in this matter, petitioners should have contemplated that at the very most they had thirty days within which to assert their right to cross-examine the authors of the medical committee report. If petitioners desired to exercise their right to cross-examination, they had a duty to at least notify the administrative law judge of their desire to do so without undue delay. Petitioners in this case took no action whatsoever between the date of submission of the report—June 25, 1980—and the date the award was entered—July 21, 1980. A party may not idly stand by, wait for the administrative law judge's decision and then complain that it has been denied its right to cross-examination.

Petitioners argue that when a medical consultation committee is convened at the suggestion of the claimant, over carrier's objection, and after the last hearing, the carrier should be entitled to receive notification from the Commission that the committee's report has been made part of the file and that it will be considered by the administrative law judge without further hearings if objections are not received within a stated period of time. Admittedly such a procedure would be preferable to the procedure utilized by the administrative law judge in this case. However, when the procedural posture of this case is considered, we do not believe that the administrative law judge's actions deprived the petitioners of due process. They were sent a notice of the upcoming medical appointment and then a copy of the committee's report. By reason of the provisions of the statute the petitioners were bound to know that when placed in the record the report constituted evidence upon which the administrative law judge could rely in reaching his decision. There was no indication but that the judge intended to consider the report. Under those circumstances we cannot say that the hearing judge committed error by assuming that neither petitioners nor claimant desired to exercise their statutory right to cross-examine the authors of the report and accordingly proceeding with the issuance of his decision after the lapse

of twenty-five days. Any prejudice to the petitioners resulted from their own inaction and we hold that they were not denied their right of cross-examination.

 In this regard, petitioners also argue that the administrative law judge should not have allowed a *post-hearing* convening of the medical committee since they contend that the statute "clearly contemplate[s] that the request for the appointment of a committee of medical consultants will be made *prior* to hearings scheduled by the Industrial Commission, not at the close of all of those hearings." Petitioners cite no authority for this proposition and we find nothing in the language of the statute which would require such a limitation. The only reference in the statute to the time the committee shall be appointed is in A.R.S. § 23–901.03(D) which provides that "[a]fter filing a claim for compensation under this chapter," the Commission may appoint the committee. While normally the need for the appointment of such a committee will be manifested prior to the first hearing, the administrative law judge is not precluded from considering a request made after the conclusion of the hearings, but before the submission of the matter for decision. In fact, we can envision important substantive, procedural and economic reasons that might make post-hearing appointment a better practice under the particular circumstances involved, as in this case.

Petitioners also urge that there is no evidence that claimant was sufficiently exposed to noxious fumes in the course of her employment and that therefore there is no foundation for medical testimony finding that her meat wrappers' asthma resulted from that employment.[3] Our review of the record indicates a conflict in the evidence on this issue. There was conflicting testimony concerning the extent to which claimant worked with a "hot-wire" meat wrapping machine. Additionally, witness Van

Ert, an industrial hygienist, testified that even a "cold-wire" machine emits at least a minimal amount of fumes. Based upon the entire record we find sufficient foundation for the medical testimony establishing causation.

The award is affirmed.

EUBANK and CONTRERAS, JJ., concur.

---

**3.** Claimant contends that the petitioners waived this issue by failing to raise it in their request for review. This issue being one of sufficiency of the evidence to support the award, we hold that it may be considered on appeal without specific reference to it in the request for review. *Stephens v. Industrial Commission,* 114 Ariz. 92, 559 P.2d 212 (App. 1977). To the extent that *Releford v. Industrial Commission,* 120 Ariz. 75, 584 P.2d 56 (App. 1978) may hold otherwise, we decline to follow it.