NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MELISSA T., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, P.T., *Appellees*.

No. 1 CA-JV 18-0352
FILED 2-5-2019

Appeal from the Superior Court in Yavapai County
No. P1300JD201800046
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

J O N E S, Judge:

¶1         Melissa T. (Mother) appeals the juvenile court's order terminating her parental rights to P.T. (Child), arguing she was deprived of due process when the court proceeded in her absence after she failed to appear at a pretrial conference.  We find no due process violation and affirm.

### FACTS AND PROCEDURAL HISTORY

¶2         In June 2018, the Department of Child Safety (DCS) removed one-month-old Child from Mother's care after receiving a report that Mother and Child's father (Father) were using methamphetamine and engaging in domestic violence in Child's presence.[1]  DCS immediately filed two petitions: the first alleged Child was dependent as to Mother, and the second requested Mother's parental rights be terminated upon the grounds of neglect, substance abuse, domestic violence, and a prior termination in the preceding two years for the same cause.[2]  *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(2), (3), (10).[3]  The juvenile court scheduled a pretrial conference for August 2018.  Mother received, signed, and returned the Form 3: Notice to Parent in a Termination Action, which correctly identified the date and time of the hearing and advised Mother that she would waive her right to

---

[1]     "We view the facts in the light most favorable to upholding the juvenile court's order [terminating parental rights]."  *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010) (citing *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008)).

[2]     DCS also alleged Child was dependent as to Father and petitioned for termination of his parental rights on the same grounds.  Father's rights were terminated in August 2018, and he did not appeal.

[3]     Absent material changes from the relevant date, we cite the current version of rules and statutes.

contest the contents of the petitions if she did not attend certain hearings, including a pretrial conference, without good cause.

¶3        When Mother did not appear at the August 2018 pretrial conference, counsel advised the juvenile court that Mother had relocated to Phoenix and was unable to attend in person because she was working and did not have reliable transportation.   Although Mother's counsel had provided her with the court's telephone number and requested she be permitted to appear telephonically, Mother did not call.

¶4        The juvenile court determined Mother had notice of the August 2018 pretrial conference and lacked good cause for her failure to appear.  The court then accepted Mother's non-appearance as an admission to the allegations of the petitions, adjudicated Child dependent, and proceeded with the termination hearing.  *See* A.R.S. §§ 8-537(C), -844(F); Ariz. R.P. Juv. Ct. 64(C); *Marianne N. v. DCS*, 243 Ariz. 53, 56, ¶ 16 (2017). After receiving testimony, the court found DCS proved all three statutory grounds for severance by clear and convincing evidence and that severance was in Child's best interests by a preponderance of the evidence, and entered an order terminating Mother's parental rights.   Mother timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

¶5        Mother argues the juvenile court deprived her of due process when it found she did not have good cause for failing to appear at the pretrial conference and then accelerated the termination adjudication hearing to the time scheduled for the pretrial proceeding.[4]  We will reverse the court's determination regarding good cause only if it was "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007) (quoting *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83, ¶ 19 (App. 2005)).  Whether a party is afforded due process presents a question

---

[4]        Mother also argues the juvenile court abused its discretion when it denied her counsel's oral motion to allow Mother to participate in the pretrial conference telephonically.  The record reflects, however, that the court never denied Mother's request; rather, Mother simply failed to call the court at any point during the hearing.

of law we review *de novo*. *Jeff D. v. DCS*, 239 Ariz. 205, 207, ¶ 6 (App. 2016) (citing *Herman v. City of Tucson*, 197 Ariz. 430, 432, ¶ 5 (App. 1999)).

¶6      To demonstrate good cause for failing to appear at a pretrial conference, a parent must "show evidence of a legitimate reason or excuse for her failure to appear — which the court, in its discretion, may accept or reject." *Trisha A. v. DCS*, 245 Ariz. 24, 34, ¶ 28 (App. 2018). Mother argues she should not have been required to personally appear for the pretrial conference because she did not have reliable transportation, had recently begun a new job, and had "little or no income." Nonetheless, the juvenile court could reasonably determine that Mother's unavailability was of her own volition. *See, e.g., Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 282, ¶¶ 11-13 (App. 2010) (concluding a parent's "excuse that she was required to arrange her own transportation is insufficient to establish good cause for failure to appear"). Moreover, Mother made no effort prior to the pretrial conference to obtain permission to appear telephonically, to request that her presence be waived, or to seek assistance with transportation. Unexplained neglect is not excusable. *See Richas v. Superior Court*, 133 Ariz. 512, 515 (1982). Accordingly, we find no abuse of discretion.

¶7      The juvenile court has discretion to accelerate the termination adjudication hearing after a parent fails to appear at a pretrial conference without good cause. *See* A.R.S. §§ 8-535(E)(3), -537(C); Ariz. R.P. Juv. Ct. 64(C); *Marianne N.*, 243 Ariz. at 57-58, ¶¶ 22-25. Mother argues the court abused its discretion in doing so here because it resulted in a deprivation of due process. We disagree.

¶8      Although the right to the custody and control of one's child is fundamental, it is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). In the absence of good cause, a parent who fails to appear at a pretrial conference after being advised of the consequences for her non-appearance waives her right to be present and personally participate and testify in the hearing. *See Brenda D. v. DCS*, 243 Ariz. 437, 440, ¶ 2 (2018); *see also Trisha A.*, 245 Ariz. at 34, ¶ 30 (noting a parent who fails to appear without good cause waives certain rights); *Manuel M.*, 218 Ariz. at 211, ¶¶ 19-20 (recognizing that although a parent has procedural due process rights in a termination adjudication hearing, the parent can waive those rights through non-appearance after being "specifically informed he or she could lose by failing to appear") (citing *Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 93, ¶ 20 (App. 2005), and *A.J. Bayless Mkts., Inc. v. Indus. Comm'n*, 134 Ariz. 243, 245 (App. 1982)). The absent parent's due process rights are satisfied, however, through the effective participation of counsel. *See Christy A. v. Ariz. Dep't of Econ. Sec.*,

217 Ariz. 299, 307, ¶¶ 25, 28 (App. 2007) ("[W]here the parent fails to appear but is still represented by counsel, the court may proceed in that parent's absence because his or her rights will be protected by the presence and participation of counsel."); *see also Brenda D.*, 243 Ariz. at 440, ¶ 3 (holding the absent parent retains her right to counsel, who may then "fully participate in the hearing").

¶9 The record reflects Mother's counsel was present at, and effectively participated in, the accelerated termination adjudication hearing. Counsel cross-examined DCS's witnesses and was given the opportunity to comment on the admissibility of evidence and present information and argument to the juvenile court. Thus, Mother participated in the hearing through counsel and has not shown any due process violation.

## CONCLUSION

¶10 Mother does not contest the sufficiency of the evidence to support the juvenile court's findings and orders. Accordingly, the order terminating Mother's parental rights to Child is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA